RAUTH, APPELLEE, *v.* RAUTH, APPELLANT.

(No. 124—Decided October 15, 1943.)

Mr. *Edwin S. Diehl,* for appellee.
Mr. *H. B. Mulholland,* for appellant.

MIDDLETON, J. This is an appeal on questions of law from an order of the Court of Common Pleas of Defiance county, overruling a motion of defendant to dismiss a motion of the plaintiff to vacate an order of the Court of Common Pleas made on April 6, 1943, and allowing a motion of .the plaintiff to vacate the former order of the Court of Common Pleas of April 6, 1943; and from the judgment of the Court of Common Pleas vacating the order of April 6, 1943, which awarded the custody of the minor child of the parties who were divorced.

The action was brought by Vivian Helene Rauth against John Franklin Rauth, for a divorce, alimony, and the custody of the minor child.

The defendant filed an answer and cross-petition wherein defendant sought a divorce and asked that the custody of the minor child be granted to some suitable party.

A reply was filed by the plaintiff admitting the marriage of the parties, the residence of the defendant, the birth of the child, the employment of the defendant, and denied all other averments contained in the answer and cross-petition.

A hearing was had upon the pleadings and evidence, and judgment was rendered on the 11th day of May,

1942, granting a divorce to the defendant on his cross-petition and awarding custody of the child to the plaintiff.

On October 20, 1942, the defendant filed a motion seeking a modification of the order of May 11, 1942, by changing the custody of the child from the plaintiff to "some suitable person preferably the defendant." Several hearings were had on the motion, and on the 6th day of April, 1943, an order was entered modifying the order of May 11, 1942, and awarding the custody of the child to the parents of the defendant.

Thereafter, on the 12th day of May, 1942,[3] a motion was filed by the plaintiff to vacate the former order of the court, dated April 6, 1943, on the ground that the testimony submitted on the motion to modify was the same as submitted to the court on the original hearing and was *res judicata,* and by reason thereof the court was without jurisdiction to make the order of April 6, 1943.

The defendant thereafter filed a motion to dismiss the motion of plaintiff to vacate the order of April 6, 1943. This motion to dismiss was overruled by the court on May 26, 1943.

On May 26, 1943, plaintiff's motion to vacate the order of April 6, 1943, was sustained, the order of April 6, 1943, was vacated, and a rehearing on the motion to modify was ordered.

Thereafter, on June 10, 1943, on a rehearing of the defendant's motion to modify the original order as to custody of the child, the court found that the defendant had failed to show the unfitness of the plaintiff to have the custody of the child and the motion to modify filed October 20, 1942, was overruled.

The errors complained of by the defendant as set forth in his assignments of error, are as follows:

1. That the court overruled a motion of the defendant to strike a motion filed by the plaintiff to va-

cate a certain order of April 6, 1943, respecting the custody of the minor child of the parties hereto.

2. That the Court of Common Pleas sustained a motion of the plaintiff to vacate a finding of the court of April 6, 1943, and granted a rehearing thereon.

3. That the court erred in setting aside a former order of the court made on April 6, 1943, respecting the custody of the minor child of the parties hereto.

4. That the Court of Common Pleas erred by an abuse of discretion, if it had any right to exercise discretion, in hearing the motions of the plaintiff as to the custody of the minor child of the parties herein.

5. The finding of the court on the motion of the plaintiff is not supported by the law.

6. The findings of the court are against the manifest weight of the evidence.

7. The court erred in excluding evidence offered by the defendant, as shown by the record herein.

8. Other errors manifest on the face of the record.

Plaintiff's motion to vacate the order of April 6, 1943, was filed on May 12, 1943, and allowed on June 11, 1943, all in the same term of the court.

There is no bill of exceptions of the hearing had on such motion, so if the court had jurisdiction to make the order complained of it is conclusively presumed that the court had facts properly presented on the hearing of the motion which warranted it in making such order.

"A court of general jurisdiction, such as the Common Pleas Court, has control and supervision of its own judgments, at least during the term at which they are rendered * * *." 23 Ohio Jurisprudence, 1117, Section 959.

"A court of general jurisdiction has control of its own orders and judgments during the term at which they are made or rendered, and the inherent power, in the exercise of a sound discretion, to vacate or modify

them." *Moherman* v. *Nickels,* 140 Ohio St., 450, 45 N. E. (2d), 405, 143 A. L. R., 1174.

The court having control over its orders and judgments during term, we find no error in the overruling of defendant's motion to dismiss plaintiff's motion to vacate the order of April 6, 1943, nor in vacating the order of April 6, 1943, and granting a rehearing on the motion of defendant to modify the original order awarding custody to the plaintiff, filed October 20, 1942.

"Upon hearing the testimony of either or both of such parents, corroborated by other proof, the court shall decide which one of them shall have the care, custody and control of such offspring, taking into account that which would be for their best interest, except that, if such children be ten years of age or more, they must be allowed to choose which parent they prefer to live with, unless the parent so selected, by reason of moral depravity, habitual drunkenness or incapacity, be unfitted to take charge of such children, in which event the court shall determine their custodian. The above provisions permitting children to choose the parent with whom they desire to live, also shall apply to proceedings for modification of the former orders of the court, fixing the custody thereof, as in original actions. If upon such hearing it should be proved that both parents are improper persons to have the care, custody and control of their children, in its discretion, the court may either designate some reputable and discreet person to take charge thereof, or commit them to a county or district children's home in which they or their parents have a legal settlement." Section 8033, General Code.

"When a Court of Common Pleas, upon granting a divorce, awards the custody and control of children of the marriage to either of the parents, or to another person where neither of the parents is a proper or

suitable person for such purpose, such children become the wards of the court. In such case, the jurisdiction of the court over their custody and control is a continuing jurisdiction, and may, on proper application, be invoked to modify orders made in the original proceeding, whenever the character and circumstances of the case, or of the parties, require it. And the filing of a motion in the original cause is a proper method of making application to the court for such purpose." 14 Ohio Jurisprudence, 544, Section 141.

"A decree of divorce terminating the marriage contract of parents who have minor children, which decree provides for the custody, care and support of such minor or minors by the parents respectively during such minority or for a lesser period of time, named in the decree, continues the jurisdiction of the court for such period without any express reservation in the decree itself.

"The proper practice in securing a modification of such decree with respect to the custody, care or support of such minors, is by motion filed in the original divorce action by the party seeking such modification." *Corbett* v. *Corbett,* 123 Ohio St., 76, 174 N. E., 10.

The authorities are all in accord in support of the continuing jurisdiction of the court awarding the custody of a child, to modify, on motion, the order made in the original proceedings.

There remains for consideration only the rulings of the court on the exclusion of evidence, and the errors assigned that the order of the court on the motion to modify was against the weight of the evidence and the law.

Upon the hearing of the motion to modify, the court excluded evidence tending to show the unfitness of the plaintiff to have the custody of the child, as of a time or times prior to the filing of the divorce action and prior to the court's order awarding custody of

the child to the plaintiff, which the defendant contends was erroneous. The court's refusal to hear such evidence to modify was correct.

This court does not have before it a record of the evidence offered in the original hearing. However, the issue was made concerning the fitness of the plaintiff to have the custody of the child and it must be presumed that the court had evidence presented to it upon which its order was based. By its order awarding the the custody of the child to the plaintiff, the court of necessity found that defendant had failed to show that the plaintiff was unfit, by reason of moral depravity, habitual drunkenness or incapacity, to have the custody of the child.

Holding this view, the only evidence which was admissible on the motion to modify, was evidence tending to show a change in condition since the original order was made.

To hold otherwise would permit a rehearing of the original order as to the custody, on any motion to modify. This is not the law. *Graviess* v. *Graviess,* 7 C. C. (N. S.), 135, 18 C. D., 26.

The court has carefully examined the record and does not find any evidence that the unfitness of the plaintiff, by reason of her moral depravity, habitual drunkenness or incapacity, to have custody of the child, existed at any time subsequent to the rendition of the judgment granting the custody of the child to her, which would justify a reversal of the court below on the weight of the evidence.

The record discloses that the child, being fourteen years of age, elected to live with her mother. This right to elect is conferred by Section 8033, General Code, and a court is bound by such election, unless it is shown to the satisfaction of the court that the parent selected, by reason of moral depravity, habitual drunkenness, or incapacity, is unfit to take charge of such

child. *Slater* v. *Slater,* 15 Ohio Law Abs., 572.

The evidence introduced on the question of fitness was addressed to the sound discretion of the court. Reading the record we do not find any abuse of this discretion by the trial judge, which would justify a reversal of the order of the court on the motion to modify.

For the reasons stated above, the judgment of the court is affirmed.

*Judgment affirmed.*

GUERNSEY, P. J., and JACKSON, J., concur.