WALKER, APPELLANT, *v.* WALKER, APPELLEE.

[Cite as Walker v. Walker (1974), 40 Ohio App. 2d 6.]

(No. 32984—Decided January 24, 1974.)

*Mr. Charles C. Redmond,* for appellant.
*Mr. Peter Onysko,* for appellee.

JACKSON, J. This appeal was filed as a result of a decision by the Domestic Relations Division of the Common Pleas Court on a motion by plaintiff J. C. Walker for change of custody.

There were three children born of the marriage of plaintiff appellant and defendant appellee: Pamela—age 16, Michael—age 14, and Dennis—age 12.* Appellant Jack G. Walker, the father of these children, was granted a divorce

---

*Ages given as of the date of the hearing on appellant's motion for change of custody, June 18, 1973.

from their mother, the appellee, in 1965. At that time, custody of all three children was awarded to their mother. Both parents have since remarried. Appellant filed a motion for change of custody on May 2, 1973, requesting that he be granted custody of all three children.

On June 18, 1973, a hearing was held on plaintiff appellant's motion for change of custody before a referee of the Domestic Relations Division of the Cuyahoga County Court of Common Pleas. The findings of the Referee were approved by Judge Gallagher in his Journal Entry of August 15, 1973.

In this entry the findings of the court were: (1) that Pamela chose to remain with her mother; (2) that Michael chose to live with his father; (3) that it was in the best interest of Dennis to remain with his mother. Accordingly, the court granted appellant's motion to modify custody as to Michael, but overruled the motion as to Pamela and Dennis. Appellant appeals from that part of the court order requiring Dennis to remain in the custody of his mother.

Appellant assigns three errors:

"1. The trial court denied the plaintiff a fair trial contrary to his Constitutional guarantee.

"2. Trial court committed prejudicial error by denying testimony of children as witnesses to her past immoral conduct in their presence.

"3. The judgment is contrary to the manifest weight of the evidence and is otherwise contrary to law."

All three assignments of error, as briefed, focus on the propriety of the Referee's ruling to the effect that the minor children, Michael and Dennis, would not be permitted to give recorded testimony at the hearing. Accordingly, they are disposed of together.

Appellant challenges two rulings of the Referee which limited the testimony at the hearing. The first ruling limited testimony as to appellee's alleged immoral conduct to a period within one or two years of the hearing. We find no error by the Referee in so limiting the testimony to appellee's most recent conduct. In making a determination of

8

custody the pole star for a Referee in such a hearing is what is for the best interest of the child. *See* Civil Rule 75 (P). In arriving at a custody decision, the trial court may, within its sound discretion, limit the time period in which a parent's habits will be investigated to a reasonable period immediately preceding the hearing. *Rauth* v. *Rauth* (1943), 73 Ohio App. 564; *Schwalenberg* v. *Schwalenberg* (1940), 65 Ohio App. 217.

The second ruling challenged by the appellant was the Referee's refusal to permit the presence of anyone else, not even the attorney or the court reporter, while he conferred with the minor children, Michael and Dennis. The Referee stated that this ruling was based on "... a policy of my own. ..."

Examination of the Civil Rules and Appellate Rules indicates that the appellant was entitled to have the testimony of Michael and Dennis recorded.

Rule 75(A) of the Civil Rules states:

"These rules of Civil Procedure shall apply in actions for divorce, annulment, alimony and related proceedings, with the modifications or exceptions set forth in this rule."

One such modification is contained in Civil Rule 75(C) which permits a change of custody hearing to be held before a referee. Rule 53 of the Civil Rules applies to hearings before a referee. The powers of a referee include the power to rule on the admissibility of evidence. Civil Rule 53(C). This rule further states in part:

"When a party so requests and guarantees the cost, and the court so orders, the referee shall make a record of the evidence offered and excluded in the same manner and subject to the same limitations upon a court sitting without a jury."

The Referee's ruling that the testimony of Michael and Dennis would not be recorded was tantamount, for purposes of perfecting an appeal, to a ruling excluding their testimony. In perfecting an appeal to this court, the appellant has the responsibility to order from the reporter a transcript of the relevant proceedings. App. Rule 9(B). Without some record of the relevant testimony adduced at

9

trial, appellant's right to appeal is, for all practical purposes, eliminated.

If the Referee merely wished to interrogate the minor children as to their preferences for one parent or another, only Pamela and Michael should have been interrogated. Dennis was under 14 years of age and legally ineligible to make a choice. Civil Rule 75(P). Nevertheless, the Referee ruled that he would interrogate both Michael and Dennis privately. The absence of any record of the responses of the children to the Referee's interrogation prevents this court from determining the validity of appellant's assignment of error and, consequently, presents an insurmountable barrier to the appellant in perfecting his appeal.

Therefore, in our considered opinion, when a referee in a child custody hearing determines that the minors whose custody is in issue must be privately interrogated, a record of such interrogation must be made upon the request of either party.

In ordering the reversal of the trial court we do so, not because the parents or their attorneys were excluded from the conference between the Referee and the minors, but because no record was made of the private conference upon which the findings of the Referee may have been based, and which is essential to a proper evaluation of appellant's assignments of error herein. *See Harsh* v. *Harsh* (Darke Cty., 1939), 30 Ohio Law Abs. 580.

Accordingly, we reverse and remand for proceedings by the trial court consistent with this mandate.

*Judgment reversed.*

MANOS, C. J., HUNSICKER, J., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, assigned to duty pursuant to Section 6(C), Article IV of the Constitution, sitting by designation in the Eighth Appellate District.