90

IN RE YOUNG: NOBLE, APPELLANT, *v.* NOBLE, APPELLEE.

(No. 78-637—Decided May 2, 1979.)

Messrs. *Logan & Davis* and *Mr. Ronald G. Logan,* for appellant.

Messrs. *Young, Pryor, Lynn, Falke & Jerardi* and *Mr. Gary W. Gottschlich,* for appellee.

*Per Curiam.* Appellant contends that since appellee is not the child's natural parent the Court of Appeals erred in denying the writ of habeas corpus without finding by a preponderance of the evidence that appellant is an unfit or unsuitable parent.

In *Clark* v. *Bayer* (1877), 32 Ohio St. 299, this court recognized that parents who are "suitable" persons have a paramount right to the custody of their minor children. One hundred years later, in *In re Perales* (1977), 52 Ohio St. 2d 89, 98, we found that "based on the concern displayed in the *Clark* opinion for balancing the interests of both parent and child, that parents may be denied custody only if a preponderance of the evidence indicates abandonment, contractual relinquishment of custody, total inability to provide care or support, or that the parent is otherwise unsuitable—that is, that an award of custody would be detrimental to the child."

Here, the court below found that appellant abandoned, *i. e.,* "renounced" custody of the child. Thus, she forfeited her paramount right to the child. The court must

then weigh the best interests of the child in determining whether to grant the writ returning the child to her. In re *Tilton* (1954), 161 Ohio St. 571. Here, the Court of Appeals found that the best interests of the child would be served by allowing him to remain in appellee's custody.

Appellant contends further that the Court of Appeals may not deny the writ since the Juvenile Court found in the neglect action that she did not willfully abandon Timothy. Although the judgment in that action was issued nearly two weeks prior to that of the Court of Appeals, it is not *res judicata* herein since the standard of proof in the neglect action is by clear and convincing evidence, Juv. R. 29(E)(4), whereas in this action it is merely by a preponderance, *Perales, supra*. See *United States* v. *National Assn. of Real Estate Boards* (1950), 339 U. S. 485.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN and SWEENEY, JJ., concur.

P. BROWN and LOCHER, JJ., concur in the judgment.

HOLMES, J., not participating.