SCHMIDT, APPELLANT, *v.* SCHMIDT, APPELLEE.

(No. 81AP-941—Decided April 13, 1982.)

*Ms. Suzanne D. Walker,* for appellant Richard Schmidt.

*Messrs. Townsend & Newton, Mr. David Townsend* and *Mr. Ronald Solove,* for appellee Marjo Schmidt.

McCORMAC, J. The marriage of the parties was dissolved on December 22, 1978, and custody of their minor daughter was placed, by agreement, with appellee. After a dispute arose about visitation, a specific order of visitation was entered on August 1, 1979.

On February 18, 1981, appellant, Richard Schmidt, filed a motion requesting that appellee, Marjo Schmidt, be held in contempt for violation of the visitation order by virtue of her moving to Illinois with the child without notice and for an order modifying the decree of dissolution to change custody to him. A guardian ad litem was appointed for the child and a temporary order of visitation was agreed upon pending hearing on the motions on June 1, 1981.

A lengthy hearing was held before a referee on June 1, 1981, following which the referee recommended that the motion for change of custody be denied as not being in the best interests of the child, and that the contempt order be granted to be purged by complying with a modified visitation order.

The trial court overruled objections to the referee's report and entered judgment accordingly.

Richard Schmidt has appealed, setting forth the following assignments of error:

1. "The trial court erred to the prejudice of the petitioner-appellant husband in denying him the right and opportunity to introduce competent evidence relevant to the conduct of petitioner-appellee wife prior to January 1, 1980."

2. "The trial court erred to the prejudice of the petitioner-appellant husband in denying him the right and opportunity to introduce competent testimony relevant to the petitioner-appellee wife's relationship with her own father and its effect

176

upon her attitude toward the importance of a father in a child's upbringing."

3. "The trial court erred to the prejudice of the petitioner-appellant husband in overruling his motion for a change of custody without requiring the petitioner-appellee wife to go forward with her evidence, said ruling being against the manifest weight of the evidence."

Appellant argues that the judgment of the trial court, refusing to change custody, was against the manifest weight of the evidence, asserting in particular that proof of the move of the custodian with the minor child to Illinois was at least sufficient to shift the burden of going forward in the custody hearing to appellee.

R.C. 3109.04 provided, as pertinent, as follows:

"(B) The court shall not modify a prior custody decree unless it finds, based on facts which have arisen since the prior decree or which were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child. In applying these standards, the court shall retain the custodian designated by the prior decree, unless one of the following applies:

"* * *

"(3) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of such change to the child.

"(C) In determining the best interests of a child pursuant to this section, whether on an original award of custody or modification of custody, the court shall consider all relevant factors, including:

"* * *

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interests;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation."

The testimony at the custody hearing was that appellee moved to Illinois with the child without notice to appellant until she was out of the state. The referee found little, if any, evidence of prior interference by appellee with the visitation rights ordered in 1979. Moreover, it appears that appellee attempted to work out a modified visitation order based upon the necessity of a different arrangement due to the child residing in Illinois. There was no restriction in the previous decree or custody order concerning moving out of state. Appellee's testimony was that appellant was harassing her to the extent that she simply had to get away from him. There was substantial testimony, partly confirmed by appellant, of phone calls purportedly concerning the child that numbered as many as fifty to fifty-eight per day on at least one occasion. Appellant justified his conduct, which at times was rather extreme, by stating he was angry, concerned, or frustrated.

There was testimony that both parents were satisfactory custodians. There was ample testimony to support a finding that appellee was adequately caring for the child and that the child's present environment did not endanger her physical or mental health or emotional development.

The guardian ad litem recommended to the court, after an investigation, that custody of the child not be changed.

Appellant relies upon a New York case, *Weiss* v. *Weiss* (1981), 52 N.Y. 2d 170, 418 N.E. 2d 377, where the New York Court of Appeals held that the lower court did not abuse its discretion in ordering that the custodian be restrained from removing the party's child to another state where the contemplated move would interfere with the husband's visitation rights with the child and where the wife had not demonstrated any exceptional circumstances that would warrant such removal, despite the fact that the mother's plans were made in good faith

and not motivated by a desire to put the child out of reach of her father.

The *Weiss* case is not controlling in Ohio. A change of custody may be made in Ohio, when the custodian does not consent as set forth by R.C. 3109.04 (B)(1) and (2), only when the child's present environment endangers significantly his physical health, etc. R.C. 3109.04 (B)(3). The removal of a child from the jurisdiction is a factor that may be considered if it adversely affects the best interests of the child to the extent set forth by R.C. 3109.04 (B)(3). In this case, there is ample evidence that the move to Illinois has not affected the child to that extent. Therefore, the removal of the child to Illinois does not *per se* require a change in custody or shift the burden of proof regardless of whether the removal is for valid reasons or not. In this case, there was considerable evidence indicating a need for the custodian to be located at a greater distance from appellant and his interference, albeit well-intentioned. Moreover, the *Weiss* case did not involve a change of custody nor a statute similar to Ohio's, but only whether removal of a child to another state can be enjoined.

Appellant's third assignment of error is overruled.

Appellant next contends that the referee prejudicially erred in denying him the opportunity to introduce competent evidence relating to the change of custody of facts which took place prior to January 1, 1980.

The change of custody hearing was commenced on June 1, 1981. The referee restricted evidence pertaining to the custody issues to facts subsequent to January 1, 1980, and refused to allow appellant to offer testimony as to repeated moves within the Columbus area prior to that time and of living arrangements that no longer pertained after January 1, 1980.

R.C. 3109.04 (B) restricts modification of a prior custody decree to facts which have arisen since the prior decree, or which were unknown to the court at the time of the prior decree. It does not, however, mandate that all relevant facts after the prior decree be admitted into evidence. The trial court may use its sound discretion to limit admissible evidence to activities which occurred within a reasonable time immediately preceding the hearing. *Walker* v. *Walker* (1974), 40 Ohio App. 2d 6, 8 [69 O.O. 2d 3].

The *Walker* rule is contained within Evid. R. 403 (B), which provides as follows:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."

There was a lengthy hearing with ample opportunity to explore the activities of the custodian in regard to the child within a seventeen-month period prior to the hearing. That evidence fully justified a finding that the best interests of the child would be served by not modifying custody. The evidence proffered by appellant of events prior to January 1, 1980, was of slight probative value. The referee did not abuse her discretion by excluding the evidence based upon considerations of undue delay.

Appellant also contends that the referee erred in not permitting evidence to be introduced of appellee's relationship with her own father and mother at the time of her parents' divorce many years previous.

That evidence was of slight probative value, even if relevant, and it was properly excluded within the discretionary authority of the trial court pursuant to Evid. R. 403 (B).

Appellant's first and second assignments of error are overruled.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and MOYER J., concur.