REYNOLDS, APPELLANT, *v.* ROSS COUNTY CHILDREN'S SERVICES AGENCY ET AL., APPELLEES.

[Cite as Reynolds *v.* Ross Cty. Children's Services Agency (1983), 5 Ohio St. 3d 27.]

(No. 82-111—Decided May 18, 1983.)

*Ms. Rita S. Fuchsman* and *Mr. Benjamin L. Clark,* for appellant.

*Ms. Christine B. Henthorne,* for appellee Ross County Children's Services Agency.

*Mr. Dale Christner,* for appellees, adoptive parents.

*Per Curiam.* Appellant first argues that the court's decision finding appellant not suitable to have custody of the children is not supported by a preponderance of the evidence.

The children, now ranging in age from eleven to sixteen years, testified at the hearing. The two youngest children had only vague recollections of their father. The oldest daughter testified that she had been sexually abused by appellant and his friends, that her father was often drunk or her mother often away from home, and that there was not enough food or clothing in the

house. The second oldest child did not claim any sexual abuse, but also testified that there was not enough food or clothing in the house. The next oldest child testified that there was not enough food or clothing in the house and that appellant was often drunk. An unlicensed psychologist and a psychiatrist who had interviewed the children testified on behalf of appellees that they believed the daughter's allegations of sexual abuse, that the children were afraid of being returned to appellant, and that to do so would be detrimental to them. The guardian *ad litem* also recommended that the children not be returned to appellant. The evidence showed the children to be happy and well cared for with the adoptive parents.

Appellant denied the allegations of abuse, drunkenness and inadequate provision for the children. He has an adequate home which is owned by his wife who testified that she was willing to help care for the children. Relatives of appellant and a friend of his testified that he had provided a good home for the children when they lived with him. His parole officer testified that he believed appellant was rehabilitated. A social worker and psychologist who interviewed appellant testified that in their opinion he was suitable to have custody. Although they did not interview the children, they believed that appellant could re-establish a good relationship with them. Appellant did not know what grades the children were in, nor specifically what schools they would attend if he had custody.

The standard to be applied in determining parental suitability was set forth in *In re Perales* (1977), 52 Ohio St. 2d 89, 98 [6 O.O.3d 293], as follows: "* * * parents may be denied custody only if a preponderance of the evidence indicates abandonment, contractual relinquishment of custody, total inability to provide care or support, or that the parent is otherwise unsuitable — that is, that an award of custody would be detrimental to the child." (Footnote omitted.) See, also, *In re Hua* (1980), 62 Ohio St. 2d 227, 233, 236 [16 O.O.3d 270], where we specifically held this standard applicable in a habeas corpus proceeding.

In view of the serious allegations made against appellant and the opinion of both experts who interviewed the children that an award of custody would be detrimental to them, we find that the court's decision was supported by a preponderance of the evidence.

Appellant also argues that he was denied his right to due process of law and to confront witnesses against him because he was not permitted to remain in the courtroom while the children testified. A record was made of the proceedings and appellant's counsel was present and cross-examined the children. This is often the practice where a child is called upon to testify in a custody proceeding. See *Walker* v. *Walker* (1974), 40 Ohio App. 2d 6 [69 O.O.2d 3]. In view of the fact that appellant's counsel was present and a record was made, appellant has shown no prejudice as a result of the court's action, and we find this argument to be without merit.

We note that the effect of the order of the court of appeals here correctly only grants temporary custody to the former adoptive parents. The order of

the juvenile court terminating appellant's parental rights and the order of the probate court granting the adoption were held to be void by the court of appeals. These are matters exclusively within the jurisdiction of the juvenile court [R.C. 2151.23(A)(1)] and probate court [R.C. 3107.04 and 3107.01(B)], respectively, and any further proceedings involving permanent custody or adoption must be consummated in those courts.[1] For this reason, appellant's contention that the court of appeals reinstated the adoptions is not well-founded.

For the same reason, *Santosky* v. *Kramer* (1982), 455 U.S. 745, is not applicable to this case at this stage of the proceedings involving only custody. The United States Supreme Court held in *Santosky* that "[b]efore a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence." *Id.* at 602.

This holding does not affect a temporary custody determination, nor does it modify Ohio law. Under Juv. R. 29(E)(4), Ohio requires proof by clear and convincing evidence in proceedings to terminate parental rights. See, also, *In re Young* (1979), 58 Ohio St. 2d 90, 92 [12 O.O.3d 93]. *Young* further recognized that because the burden of proof required in a termination proceeding is different from that required in a habeas corpus action, a decision rendered in one cannot be *res judicata* in the other. *Id.*

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., not participating.

---

[1] By the same token, appellant's "residual parental rights" are not affected by this order and he can seek enforcement of those rights in the juvenile court. R.C. 2151.011(B)(11) defines "residual parental rights, privileges and responsibilities" as "* * * those rights, privileges, and responsibilities remaining with the natural parent after the transfer of legal custody of the person, including but not necessarily limited to the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support."