**In re MARKHAM et al.**

[Cite as *In re Markham* (1990), 70 Ohio App.3d 841.]

Court of Appeals of Ohio
Meigs County.

No. 435.

Decided Dec. 31, 1990.

*Thomas E. Eslocker*, for appellant.

*James B. O'Brien*, for appellee.

GREY, Judge.

This is an appeal from a judgment of the Juvenile Division of the Meigs County Court of Common Pleas awarding Mark Markham custody of the minor children, Bob Branch Markham and Marseille Markham. We reverse.

The record reveals the following facts. Appellant, Janalee Stock, and appellee, Mark Markham, lived together from 1979 until June 1987. Although the parties never married, two children were born as issue of their relationship, Bob Branch Markham, born February 12, 1980, and Marseille Markham, born January 25, 1982.

During the time Stock and Markham were together, Stock went to school to complete her nurse's training and then took part-time jobs to support Markham and her children. During that time, Markham was not regularly employed and rarely spent quality time with his children.

In the spring of 1987, Stock and Markham had a series of fights and a major argument at the end of May. About a week after that argument, Markham drove down to Fort Lauderdale, Florida, to visit his mother and sell a car. Markham took the children with him for a vacation.

In the middle of June, during a long distance call to Florida, Stock told Markham that she wanted to end their relationship.

Markham was upset by Stock's decision and refused to return to Ohio. He changed his residence, found employment, enrolled the children in school, affiliated himself and the children with a church and began to spend time with his children. Markham refused to permit Stock to see or speak to Bob Branch and Marseille for over eight months. He effectively cut off their relationship with Stock and Stock's son by a former marriage, Jesse.

Stock filed a complaint in habeas corpus in the Juvenile Division of the Athens County Court of Common Pleas on September 8, 1987 to compel the

return of Bob Branch and Marseille. The case was transferred to the Juvenile Division of the Meigs County Court of Common Pleas on December 10, 1987.

A hearing on the issue of the custody of Bob Branch and Marseille Markham was held on April 6, 1988. Both parties testified as to the care they each gave the children and also presented respective character witnesses. The trial court judge spoke to the children in his chambers, off the record and without the parties being present.

By judgment entry of June 21, 1988, the trial court awarded custody of Bob Branch and Marseille to Markham. The court filed its Findings of Fact and Conclusions of Law on August 31, 1988.

Stock appealed the trial court's decision to this court in *In re Markham* (Mar. 17, 1989), Meigs App. No. 425, unreported. We dismissed the appeal for lack of a final appealable order because the trial court failed to issue a decision on the matter of child support.

On September 14, 1989, the trial court met informally with the parties' attorneys to review the parties' incomes. On September 26, 1989, the trial judge issued a child support order without conducting an evidentiary hearing.

Stock appeals the trial court's decision on both custody and support and assigns three errors.

ASSIGNMENT OF ERROR ONE:

"The trial judge committed prejudicial error in awarding custody of the parties' children to appellee because said decision is contrary to the trial evidence and the best interests of the parties' children."

R.C. 2151.23 gives a juvenile court jurisdiction over matters determining custody in some instances. To exercise that jurisdiction, however, the juvenile court must consider the factors set out in R.C. 3109.04(C).

R.C. 3109.04(C), dealing with custody determinations, provides in pertinent part:

"In determining the best interest of a child pursuant to this section, whether on an original award of custody or modification of custody, the court shall consider all relevant factors, including:

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation."

■ In any custody determination the primary consideration is to make a decision that will be in the best interests of the child. To that end, the legislature set out the above factors to be considered in making such a determination.

Stock asserts that the trial court's decision granting Markham custody of Bob Branch and Marseille was against the manifest weight of the evidence. She further asserts that after considering the factors of R.C. 3109.04(C) the trial court should have awarded custody to her. We agree.

The voluminous record in this case indicates that both Stock and Markham wished to be given custody of their children. Each presented witnesses to support his or her respective contentions that each was the primary caregiver to the children in the early years. Markham also presented a great deal of testimony concerning the children's adjustment to their new home, school and community in Florida. The trial court's Findings of Fact and Conclusions of Law indicate that the latter evidence weighed heavily in that decision.

While we note that on the surface, under ordinary circumstances, the trial court's award of custody to Markham might have been correct, we cannot, given the underlying facts below, hold that the trial court did not err.

■ The facts speak for themselves. What we have here is a kidnapping. Markham took Bob Branch and Marseille to Florida on vacation. When it became apparent that his relationship with Janalee Stock was over, Markham abandoned his Meigs County home and established residence in Florida. He refused to let the children return to Ohio, and refused to let Stock see her children or even, at times, speak with them on the telephone. Markham then systematically began to create a "normalized," acceptable lifestyle for Bob Branch and Marseille in Florida in order to elicit favorable testimony should the matter ever come to a hearing on the issue of custody.

Certainly this court can neither condone nor validate the message that the trial court sends by its award of custody to Markham. The trial court has, in essence, given *carte blanche* to spiteful parents to abduct their children, refuse to allow the other parent contact with the children, and then establish a new life in another city, state or country. The message the trial court is sending validates such actions and, yes, even rewards those actions by awarding custody to that malicious parent.

The legislature has decreed that parents shall stand equally on the issue of custody, in R.C. 3109.03:

"When husband and wife are living separate and apart from each other, or are divorced, and the question as to the care, custody, and control of their offspring is brought before a court of competent jurisdiction, they shall stand

upon an equality as to the care, custody, and control of such offspring, so far as parenthood is involved."

If equality of standing is the law of Ohio, conduct deliberately calculated to defeat that presumption of equality by improper means cannot be tolerated. For example, where the child's adjustment to his current school and community is one of the criteria, if one parent abducts the child and denies the other parent any contact with child, only the abducting parent can present evidence of the child's good adjustment. Custody determinations will thus become not an inquiry into what is best for the children, but who grabbed them first.

While a trial court is given broad discretionary powers in making custody decisions, that discretion can be abused. An abuse of discretion connotes more than just an error of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 21 OBR 371, 488 N.E.2d 150; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

The trial court's decision in this case is in violation of the public policy and law of this state as declared in R.C. 3109.03.

The trial court's award of the custody of Bob Branch and Marseille Markham to their father was an abuse of discretion and was clearly error. Janalee Stock's first assignment of error is well taken and is sustained.

ASSIGNMENT OF ERROR TWO:

"The trial judge committed prejudicial error when he interviewed the children in chambers since the children were not of an age of election and were not properly qualified as witnesses in the evidentiary proceeding."

Stock asserts that the trial court judge erred when he interviewed the children in chambers, out of the presence of the parties. We agree.

R.C. 3109.04(A) permits a child of twelve years or older to elect, in a custody dispute, with which parent he wishes to live. A trial court may consider a child's preference at age eleven but the child may not make an election until age twelve. At the time of the hearing Bob Branch was eight years old and Marseille was six. Thus, pursuant to R.C. 3109.04(A), they were not eligible to make a custody election. Nor were the children qualified as witnesses or competent to testify.

The trial court erred by interviewing the children privately, out of the presence of the parties and off the record. Such a procedure was improper and highly prejudicial to Janalee Stock because Stock had no way of knowing what her children said or what kind of pressure they were under when the judge interviewed them.

Janalee Stock's second assignment of error is well taken and is sustained.

THIRD ASSIGNMENT OF ERROR:

"The trial judge committed prejudicial error by determining the child support to be paid by appellant to appellee without conducting an evidentiary hearing as required by law."

█ Janalee Stock asserts that her due process rights required an evidentiary hearing to be held before the trial court made its determination regarding child support. We disagree. The trial court judge met with counsel for the parties and requested information about their respective client's incomes. From the information received by the trial court at that meeting coupled with all of the testimony presented at the hearing, the trial court had ample information on which to base its decision. Under the circumstances, a further hearing was not necessary. The trial court did not err. Janalee Stock's third assignment of error is not well taken and is overruled.

However, in light of this court's holdings in Stock's first and second assignments of error, we reverse the decision of the trial court and remand with instructions to award custody of Bob Branch and Marseille Markham to their mother, Janalee Stock, and further order that the appropriate corresponding visitation and support be ordered.

*Judgment reversed*
*and cause remanded.*

HOMER E. ABELE, J., concurs.

HARSHA, J., concurs in part and dissents in part.

HARSHA, Judge, concurring in part and dissenting in part.

I concur with the judgment of reversal found in the principal opinion, but dissent from its holding awarding custody as a matter of law to the appellant. I would reverse and remand for further proceedings as explained below.

Concerning the first assignment of error, it is apparent to me that the trial court did not consider all the relevant factors which determine the child's best interest in this case. The Findings of Fact and Conclusions of Law fail to make any mention of the evidence presented upon the issue of appellee's extremely uncooperative nature concerning visitation and reasonable phone calls by the children's mother. R.C. 3109.04(C)(3) requires the trial court to consider this harmful conduct when determining the children's best interests. In *Porter v. Porter* (1971), 25 Ohio St.2d 123, 54 O.O.2d 260, 267 N.E.2d 299, the Ohio Supreme Court recognized that the *children* have a right to visitation and the associated love, companionship and training that accompany this interaction between parent and child. The child's right is independent of and in addition to that of the noncustodial parent. While the best interest of a

child may still require placement with an uncooperative parent given the totality of the circumstances involved in any particular case, in this instance it was an abuse of discretion to make such a determination without consideration of this highly detrimental conduct by appellee.

Furthermore, while I agree that appellee's conduct of remaining in Florida in order to prevent the children's mother from having physical contact with them is also a negative factor to be considered by the trial court in applying the best interest test, I would not characterize it as "kidnapping." Nor would I hold that it requires placement with the mother as a matter of law. It is simply another relevant factor to be considered by the court and addressed in its Findings of Fact and Conclusions of Law.

Lastly, I do not believe the trial court abused its discretion in giving weight to appellee's "normalized" life style. Surely this court, which has no chance to observe the demeanor of witnesses or to ask them pertinent questions, should not enter into determinations of sincerity and credibility. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846, 849.

However, based upon the trial court's failure to consider the evidence of appellee's improper conduct concerning visitation and physical contact by appellant with her children, as evidenced by its failure to make findings of fact on this issue and others set forth in R.C. 3109.04(C), I would sustain the first assignment of error and remand the case to the trial court.

I further agree that appellant's second assignment of error should be sustained. Appellant did not specifically object to the trial court's failure to record the interview. However, I believe it is plain error within the provisions of Evid.R. 103(D) to allow an *in camera* interview of the parties' minor children without at least transcribing a record of the interview. Notwithstanding the trial court's characterization of the *in camera* proceeding, the lack of a record prevents effective appellate review of the entire custody issue. See *Walker v. Walker* (1974), 40 Ohio App.2d 6, 69 O.O.2d 3, 317 N.E.2d 415. This matter should be reversed and remanded for a new hearing on the issue of custody only.