OPINION
This is an appeal from a judgment of the Juvenile Division of the Court of Common Pleas of Greene County awarding the custody of Mary Rose Flores Forster, who was born on April 2, 1990, to the Greene County Child Services Board.
On May 1, 1998, a complaint was filed which alleged that Mary Rose was a dependent and abused child, and at the subsequent hearing of the matter, clear and convincing evidence, with all of its sordid details, was presented, and such evidence was readily susceptible to the factual determination made by the trial court in this case.
However, the appellant, Robert Forster, who is the natural father of Mary Rose, contends that the procedure followed by the trial court for the presentation of evidence denied him due process of law. Specifically, Forster has set forth his only assignment of error as follows:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND DEPRIVED HIM OF DUE PROCESS OF LAW BY UNFAIRLY RESTRICTING THE CONDITIONS UNDER WHICH HIS WITNESS WOULD BE ALLOWED TO TESTIFY."
According to the record, Mr. Forster did not subpoena his daughter as a witness, and he made no more than oblique attempts to call her as a witness at the hearing of the matter. Hence, a perusal of the various exchanges between court and counsel gives considerable insight into the real nature of the alleged error.
On August 28, 1998, Forster filed a motion requesting that the trial court interview the child, and that counsel be permitted to provide questions to be asked of the child by the court. Then, on August 31, 1998, immediately prior to the adjudicatory hearing, and during a colloquy between the trial court and counsel, counsel for Forster commented as follows:
 "Your honor, obviously we would prefer a situation where we could question the child directly. In view of the child's age, in discussion with the prosecutor and the court, we understand that perhaps it would be better for the child to be questioned in a less formal setting than sitting here in court with several people. I don't have any objection to Doctor Ramey being present. I would like for counsel, at least Mr. Hendrix and myself though, to be permitted to be present, if not necessarily asking the questions, with the understanding the court would ask them. But if that could be arranged, I would have no objection to Doctor Ramey being present."
On the same day, but immediately after the formal presentation of evidence at the adjudicatory hearing, another exchange, involving the same subject matter, between Mr. Wright, the guardian ad litem, Mr. Dressel, counsel for Mr. Forster, and Mr. Hendrix, counsel for the Child Services Board, was concluded by the trial court with the following explanation:
 THE COURT: All right. A party has requested that a witness, has offered a witness in the case as part of the adjudicatory process, and I don't see how the court can deny that. Any party is entitled to present whatever witnesses they want to present. Now, this child is under 8, under 10, so there is going to be that issue on competence. I'm going to have to review the child that way, but we, the court will interview the child outside of the presence of the parties. I will permit Mr. Wright to be present. I will permit counsel for the parties, if they wish to submit written questions that they would like the court to ask. I will permit Dr. Ramey to be present, not for purposes of asking any questions, but just as a mere presence that the child does feel at ease with him. He is her therapist."
Thereafter, the adjudicatory hearing was continued until December 28, 1998 for the primary purpose of examining the guardian ad litem, Gary Wright, but at such hearing, counsel for Forster further observed as follows:
 "THE COURT: * * * so it's the court's understanding that there is no further evidence that any party wishes to bring forward today, is that correct?
 MR. DRESSEL: Your honor, if I could just clarify that, I think the court's properly stated the situation. It was my understanding that upon our request to examine the child the court was going to only allow that under certain limited circumstances. One, that Doctor Ramey be present; two, that the court ask the questions; and three, that Mr. Forster not be allowed to be present during the interview. And with that understanding and considering that those limitations with Mr. Forster, would not be worthwhile if we weren't allowed to participate. And so with that understanding, the request would be withdrawn."
As shown by the record, therefore, trial counsel had no particular objection to the trial court asking the questions, and trial counsel expressly stated that he had no objection to the presence of the expert witness, Dr. Ramey, at the interview. Hence, this appeal turns entirely upon the failure of the trial court to allow Forster to be present during the interview of the child.
In this regard, the evidence shows that Forster had substantial influence over his eight-year-old daughter, and that she wanted to live with him in spite of the alleged sexual abuses which she had previously described in some detail. Under such circumstances, the presence of the appellant in the courtroom would not have been indispensable to a fair hearing, and the action of the trial court in denying such presence did not constitute an abuse of discretion. See, Reynolds v. Ross Cty.Children's Services (1983), 5 Ohio St.3d 27, 29. See also, Walkerv. Walker (1974), 40 Ohio App.2d 6, 7-8.
During final argument, counsel for Mr. Forster commented upon the possibility that the presence of Dr. Ramey during any interview of the child might also be prejudicial, and appellate counsel emphasizes such inconsistency in his brief, but even assuming that the decision of the trial court to allow Ramey to witness any interview with the child was error, it would be pure speculation, at this point, as to whether such alleged error had any material effect upon the outcome of this case.
In reviewing the record, as it relates to the alleged error, this court has also noted that the appellant did not specifically object to the procedure adopted by the trial court. Nor does the record reveal any claim by the appellant that he was denied due process of law. On the contrary, Forster merely withdrew his suggestion that he be permitted to "participate" during the interview with his daughter.
In our opinion, therefore, this appeal is without any constitutional implications, and finding no prejudicial error in the record, the judgment of the Juvenile Court will be affirmed.
BROGAN, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Robert K. Hendrix
Darrell L. Heckman
Hon. Robert W. Hutcheson