OPINION
Plaintiff-appellee, Juliann Davis (fka Elfers), and defendant-appellant, Kevin J. Elfers, were divorced on September 11, 1992. In a judgment decree of divorce filed that day, the Clermont County Court of Common Pleas, Domestic Relations Division, designated Davis as the residential parent of the parties' infant son, Matthew (born on July 26, 1992).
In 1992, Elfers filed a motion to increase visitation; in 1994, he filed a motion to modify visitation. The trial court granted both motions. On September 4, 1996, Elfers filed a Motion for Modification [of] the Allocation of Parental Rights and Responsibilities, asking that the trial court designate him as the residential parent or approve a shared parenting plan. By agreed entry filed October 24, 1996, Elfers was granted "visitation with Matthew in accordance with the Clermont County Parenting Guidelines[.]" On August 3, 1998, Elfers filed another Motion for the Modification in the Allocation of Parental Rights and Responsibilities asking that he be designated as the residential parent.
At a hearing on that motion, Elfers attempted to introduce evidence of a change of circumstances, using the 1992 divorce decree as the starting point. Davis objected and asserted that the proper starting point was the parties' October 24, 1996 agreed entry. The magistrate agreed with Davis, finding that the October 24, 1996 agreed entry was the "most recent entry modifying parenting time or * * * parental rights[.]" By decision filed March 23, 1999, the magistrate overruled Elfers' motion, finding that Elfers had failed to establish a change of circumstances "since the prior court order allocating parental rights and responsibilities."
Elfers timely filed objections to the magistrate's decision. By decision and entry filed May 4, 1999, the trial court overruled Elfers' objections and affirmed the magistrate's decision. The trial court found that "[u]pon a literal reading of R.C. 3109.04, * * * the magistrate did not err in excluding evidence of events which occurred before the Court's prior allocation of parental rights and responsibilities[,]" that is, the 1996 agreed entry.
Elfers timely filed this accelerated appeal and raises as his sole assignment of error that the trial court erred in ruling that the 1996 agreed entry modifying visitation was the starting point for a change of circumstances determination. We disagree.
R.C. 3109.04(E) provides that a court "shall not modify a prior decree allocating parental rights and responsibilities * * * unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree" that a change of circumstances has occurred. While R.C.3109.04(E) restricts modification of a prior custody order to facts that have arisen since the prior decree, "[a] trial court may use its sound discretion to limit admissible evidence to activities which occurred within a reasonable time immediately preceding the hearing." Schmidt v. Schmidt (1982), 7 Ohio App.3d 175,177.
In addition, it is well-established that when a trial court fails to rule on a motion, the appellate court will presume that the trial court overruled the motion. Dozer v. Dozer (1993),88 Ohio App.3d 296, 303. It is also well-established that a trial court speaks only through its journal. Coffman v. Coffman (1945),76 Ohio App. 330, 332. On September 4, 1996, Elfers filed a Motion for Modification of the Allocation of Parental Rights and Responsibilities. On October 24, 1996, the trial court journalized the parties' agreed entry which modified Elfers' visitation rights. While the agreed entry only modified Elfers' visitation rights, it is clear that the entry was brought about by Elfers' motion for a change of custody. We find that by journalizing the agreed entry, the trial court in essence and impliedly overruled Elfers' motion for change of custody. As a result, we find that the 1996 agreed entry was a prior decree allocating parental rights and responsibilities under R.C.3109.04(E).
In light of the foregoing, we find the trial court did not err in ruling that the October 24, 1996 agreed entry was the starting point for a change of circumstances determination. Elfers' sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.