Susan M. Jankite, 1253 Arlington Road, Lakewood, Ohio 44107, ATTORNEY FOR APPELLANT.
Jennifer L. Malensek, 1220 West 6th Street, Suite 502, Cleveland, Ohio 44113, Denise M. Cook, Denise M. Cook Co., L.P.A., 8210 Macedonia Commons Blvd., Macedonia, Ohio 44156, ATTORNEYS FOR APPELLEES, For Father.
John V. Heutsche, John V. Heutsche Co., L.P.A., 700 West St. Clair Avenue, Suite 220, Cleveland, Ohio 44113, For Mother.
James L. Lane, Kohrman, Jackson & Krantz, P.L.L., One Cleveland Center, 29th Floor, 1375 East Ninth St., Cleveland, Ohio 44114, For Maternal Grandfather.
Carla L. Golubovic, P.O. Box 29127, Parma, Ohio 44129, Guardian Ad Litem.
BEFORE: E.T. Gallagher, J., McCormack, P.J., and Jones, J.
JOURNAL ENTRY AND OPINION
EILEEN T. GALLAGHER, J.:
{¶ 1} Appellant, A.M.R., by and through counsel, appeals from the juvenile court's order denying counsel for A.M.R. access to the transcript of an in camera interview conducted during this private custody case. A.M.R. raises the following assignment of error for review:
The trial court erred in denying requests made by child's counsel, thus not affording the child appropriate status as a party in a custody proceeding and adversely impacting her basic procedural protections and right to zealous representation.
{¶ 2} After careful review of the record and relevant case law, we reverse the juvenile court's judgment and remand for further proceedings consistent with this opinion.
I. Procedural and Factual History
{¶ 3} This appeal stems from an order of the juvenile court during the pendency of custody proceedings involving Mother and Father's minor child, A.M.R. (d.o.b. 1/14/2006). Mother and Father were never married.
{¶ 4} On July 7, 2011, Mother and Father entered into a shared parenting plan for A.M.R. On December 21, 2011, however, Father filed a motion for emergency termination of the shared parenting plan. In response, Mother opposed Father's motion and filed a motion for immediate sole custody of A.M.R. In her motion, Mother agreed that sole custody was necessary because Father had made fraudulent allegations of abuse against Mother to the Cuyahoga County Department of Children and Family Services.
*1196 {¶ 5} The custody matter proceeded to trial in August 2016. Following several days of trial and various motions to continue, the trial was set to recommence on January 9, 2017, through January 13, 2017. On January 6, 2017, however, counsel for A.M.R. filed a motion to continue the trial to a later date because she injured her back and was unable to return to work by the date scheduled for trial.
{¶ 6} On January 9, 2017, the trial court ordered the parties to appear for an attorney conference. Counsel for A.M.R. was unable to attend the conference in person due to her injury, but participated telephonically. During that discussion, the trial court advised the parties that an in camera interview of A.M.R. was necessary. Thus, the trial court conducted an in camera interview of A.M.R. on January 11, 2017. Counsel for A.M.R. was not present for the in camera interview, but concedes that she provided the trial court with consent to conduct the interview in her absence.
{¶ 7} Following the January 11, 2017 in camera interview, counsel for A.M.R. filed a motion requesting "the trial court to order production of the transcript of the in camera interview held on January 11, 2017, and to provide the child's attorney access to the transcript." Counsel argued that production of the transcript was necessary for counsel to adequately advise and serve the child's best interests. Counsel for Mother filed a brief in opposition, arguing that counsel was not entitled to access the transcript pursuant to R.C. 3109.04(B)(3). On March 29, 2017, the trial court denied counsel's request for access to the transcript of the in camera interview.
{¶ 8} On May 5, 2017, counsel for A.M.R. filed a timely notice of appeal. On May 24, 2017, counsel for Mother filed a motion to dismiss the appeal, arguing
The child's counsel's appeal of an interlocutory order should be summarily dismissed as it is not a final appealable order and she has invited the alleged error by her conduct.
{¶ 9} On June 6, 2017, this court dismissed the appeal for lack of a final appealable order pursuant to R.C. 2505.02. On June 14, 2017, A.M.R. filed a motion for reconsideration and a motion to reinstate the appeal. After careful consideration, this court granted A.M.R.'s motion to reinstate the appeal, finding that the trial court's judgment constituted a final appealable order under R.C. 2505.02(B)(2).
{¶ 10} A.M.R. now appeals from the trial court's judgment.
II. Law and Analysis
{¶ 11} In the sole assignment of error, counsel for A.M.R. argues the trial court incorrectly interpreted R.C. 3109.04(B)(3) and improperly denied counsel's request for a transcript or recording of the in camera interview conducted without counsel.
{¶ 12} R.C. 3109.04(B)(1) requires a court that allocates parental rights and responsibilities to "take into account that which would be in the best interest of the children." The section provides that the court, in its discretion may, and "upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation."
{¶ 13} R.C. 3109.04(B) contains several requirements governing the in camera interview. R.C. 3109.04(B)(2)(c), states:
The interview shall be conducted in chambers, and no person other than the child, the child's attorney, the judge, any necessary court personnel, and, in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers during the interview.
{¶ 14} R.C. 3109.04(B)(3), provides:
*1197 (3) No person shall obtain or attempt to obtain from a child a written or recorded statement or affidavit setting forth the child's wishes and concerns regarding the allocation of parental rights and responsibilities concerning the child. No court, in determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child or for purposes of resolving any issues related to the making of that allocation, shall accept or consider a written or recorded statement or affidavit that purports to set forth the child's wishes and concerns regarding those matters.
(Emphasis added.) "The trial court must make a record of any R.C. 3109.04 in camera interview with a child." Purvis v. Purvis , 4th Dist. Adams No. 00CA703, 2002 WL 220067, 9 (Feb. 4, 2002), citing In re Markham , 70 Ohio App.3d 841, 592 N.E.2d 896 (4th Dist.1990).
{¶ 15} In Mother's brief in opposition to A.M.R.'s request for the transcript of the in camera interview, Mother argued that " R.C. 3109.04(B)(3) prohibits the release of the transcript to anyone other than the Court of Appeals for the purposes of review." She further argued that "due process and equal protection demand that if such a transcript is made available to one attorney it must be made available to all attorneys."
{¶ 16} Our review of the case law interpreting the language of R.C. 3109.04(B) reveals that the analysis generally takes place in factual scenarios where a parent of the minor child has filed a motion to access the transcript of the in camera interview.
{¶ 17} In a line of cases beginning with Patton v. Patton, 5th Dist. Licking No. 94 CA 40, 1995 WL 42497 (Jan. 9, 1995) and In re Longwell , 9th Dist. Lorain Nos. 94 CA 006006 and 94 CA 006007, 1995 WL 520058 (Aug. 30, 1995), several appellate districts have routinely held that R.C. 3109.04(B) precludes parents from accessing the transcript of their child's in camera interview. See also Myers v. Myers , 170 Ohio App.3d 436, 2007-Ohio-66, 867 N.E.2d 848 (5th Dist.) ; Willis v. Willis , 149 Ohio App.3d 50, 2002-Ohio-3716, 775 N.E.2d 878 (12th Dist.) ; Chapman v. Chapman , 2d Dist. Montgomery No. 21652, 2007-Ohio-2968, 2007 WL 1721462. But see Inscoe v. Inscoe, 121 Ohio App.3d 396, 700 N.E.2d 70 (1997) (holding that no statutory basis exists for denying parents access to the transcript of their child's in camera interview.).
{¶ 18} Those courts have rationalized that because R.C. 3109.04(B)(2)(c) provides that parents of the minor child do not have the right to be present during the in camera interview, the legislature clearly intended to create a " 'stress free environment * * * [so that] [c]hildren should display candor in setting forth their feelings regarding custody.' " Myers at ¶ 51, quoting In re Longwell at 3. Thus,
[t]o allow parents access to the transcript of their child's in camera interview defeats the statute's purpose to foster candor and also exposes the child to a parent's potentially hostile reaction to the child's words. It is in the best interest of a child, a child who has already been betrayed by the departure of one parent from his or her home, to be able to speak freely without concern of in turn betraying his or her parent.
Chapman at ¶ 28.
{¶ 19} In short, affording parents access to the transcript would contravene the intent of R.C. 3109.04(B), and the minor child would be less likely to be candid with the judge if the child knows that his or her parents will later read everything the child says. Willis at ¶ 24.
*1198 {¶ 20} On appeal, counsel for A.M.R. argues that the foregoing cases are inapplicable to the facts of this case. We agree. Unlike the parents of a minor child, R.C. 3109.04(B)(2)(c) authorizes the child's attorney to be present in the chambers during the interview. Thus, the discussion in the Fifth and Ninth Districts concerning the need to uphold the legislative intent of R.C. 3109.04(B) is inapplicable to the facts of this case. Here, there is no concern that providing counsel with access to the transcript of the in camera interview would have a chilling effect on a minor child's candor. Counsel for A.M.R. had the right to be present during the January 11, 2017 in camera interview. And, but for counsel's health, this court finds nothing in the record to suggest counsel would not have been present with A.M.R. during the in camera interview. Accordingly, we find the restriction placed on a parent's access to transcripts under R.C. 3109.04(B) does not apply to counsel for the minor child.
{¶ 21} Moreover, we find nothing in the unambiguous language of R.C. 3109.04(B)(3) to suggest that counsel is precluded from having access to the transcript of the in camera interview. As stated, the statute provides that no person shall obtain from a child a written or recorded statement of that child's wishes and concerns regarding the allocation of parental rights. The section further provides that the trial court shall not accept or consider a written or recorded statement that purports to set forth the child's wishes regarding the allocation of parental rights.
Based on the express language of the statute, its purpose is clear: [T]he legislature intended to prohibit trial courts from relying on potentially fraudulent statements or affidavits produced by the parents. Instead, courts are to obtain the child's wishes and concerns directly from the child during the in-camera interview.
In re Longwell , 9th Dist. Lorain Nos. 94 CA 006006 and 94 CA 006007, 1995 WL 520058, 3 (Aug. 30, 1995).
{¶ 22} In this case, however, counsel is not attempting to obtain a written or recorded statement from A.M.R. relating to the child's wishes or concerns regarding the allocation of parental rights. Nor is counsel attempting to submit a written or recorded statement that purports to set forth A.M.R.'s wishes. Rather, counsel is simply attempting to obtain a transcript of the in camera interview, from the court , in an effort to adequately represent A.M.R.'s best interests during the duration of the custody trial. Affording counsel access to the transcript provides no more information to counsel than is otherwise permitted by R.C. 3109.04(2)(C), which grants counsel the right to be present during the interview process. Thus, we find that the concerns set forth under R.C. 3109.04(B)(3) regarding fraud or the possibility of unjust influence over the child are not implicated in this case.
{¶ 23} In the interest of protecting A.M.R.'s right to effective assistance of counsel, we find, under the limited and unique circumstances of this case, that the trial court erred by denying counsel's request for access to the transcript of the in camera interview. Moreover, our decision does not impair Mother's or Father's due process rights. While we draw a distinction between the parents of the child and counsel for the child, the requirement that the in camera interview be recorded is designed to protect the due process rights of the parents by allowing this court to review the reasonableness of the in camera interview, if necessary, upon the resolution of this custody case. See Myers , 170 Ohio App.3d 436, 2007-Ohio-66, 867 N.E.2d 848, ¶ 50.
*1199 {¶ 24} Accordingly, A.M.R.'s sole assignment of error is sustained.
{¶ 25} Judgment reversed and remanded.
TIM McCORMACK, P.J., and
LARRY A. JONES, SR., J., CONCUR