PATTON, Appellant,

v.

PATTON, Appellee.

[Cite as *Patton v. Patton* (1993), 87 Ohio App.3d 844.]

Court of Appeals of Ohio,
Licking County.

No. 92–CA–134.

Decided July 28, 1993.

*Deborah L. Kenney,* for appellant.

*Alan P. Gustafson,* for appellee.

GWIN, Judge.

Plaintiff, Jacalyn L. Patton ("appellant"), appeals from the judgment entered in the Licking County Court of Common Pleas modifying its prior decree allocating parental rights and responsibilities for the care of the parties' minor children from appellant to defendant, Douglas Patton ("appellee"). Appellant assigns as error:

"First Assignment of Error

"The trial court erred in modifying parental rights and responsibilities to designate appellee the residential parent of the minor children.

"Second Assignment of Error

"The trial court erred in failing to make a record of the in chambers interview with the minor children.

"Third Assignment of Error

"The trial court erred in failing to grant appellant's motion for a new trial.

"Fourth Assignment of Error

"The trial court erred in failing to find appellee in contempt of court for failure to pay $300 in legal fees as ordered by the divorce decree and failing to grant appellant attorney fees for the prosecution of the contempt motion."

It appears from the record on appeal that the within parties were married on September 17, 1977, and three children were born as issue of the marriage, to wit, Tifney Maria, January 17, 1980; Kaylab Levi, May 5, 1984; and Camden Isaac, February 16, 1990.

The parties were divorced by judgment decree entered April 8, 1991, and custody of the minor children was awarded to appellant. On July 13, 1992, appellee moved the Licking County Court of Common Pleas for an order modifying the allocation of parental rights and responsibilities regarding the three minor children so that he would be designated the residential parent and legal custodian. Both parties filed timely requests that a record be made of the proceedings.

The matter proceeded to hearing before a referee on September 18, 1992. A record of the hearing was made and was duly transcribed in prosecuting this appeal. However, an in-chambers interview of two of the children, Tifney and Kaylab, was conducted by the referee with no record being made of same. Reliance upon the in-chambers interview of the children is reflected in both the

referee's report recommending modification of the parental rights and responsibilities and the trial court's judgment approving and adopting same.

### Assignment of Error No. II

We turn our attention to appellant's second assignment of error which we find to be dispositive of this appeal.

■ It is appellant's position that the trial court erred in failing to make a record of the in-chambers interview. We agree.

In *In re Markham* (1990), 70 Ohio App.3d 841, 845, 592 N.E.2d 896, 899, the Court of Appeals for Meigs County held that a trial court errs by "interviewing the children privately, out of the presence of the parties and off the record. Such a procedure [is] improper and highly prejudicial * * * because [the parties have] no way of knowing what [their] children said or what kind of pressure they were under when the judge interviewed them." We agree with this holding but take it one step further.

R.C. 3109.04(B)(2)(c) provides that an in-chambers interview of children in matters regarding the allocation of parental rights and responsibilities "shall be conducted in chambers and no person other than the child, the child's attorney, the judge, *any necessary court personnel,* and, in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers during the interview." (Emphasis added.)

It is our view that this statutory section requires that a court stenographer and/or other record recording device be present in the in-chambers interview of the minor child upon timely request. If the trial court refuses a party's request to make a record of all the proceedings regarding the modification of parental rights and responsibilities, including the in-chambers interview, an appellate court is unable to conduct an effective review of that court's decision. Although an appellate court presumes validity of lower court proceedings, it is not to say an appellate court is a mere "rubber stamp" of trial court decisions.

The referee in the instant case acted improperly in conducting an in-chambers interview of the parties' two minor children without making a record of same even though requested by both parties. This impropriety is further compounded by the trial court's reliance upon that interview in ordering modification. Without a record of that interview, we have no independent means of reviewing what occurred in that interview.

Accordingly, a trial court errs in refusing a timely request that a record be made of its interview of minor children who are the subject of proceedings involving the award of parental rights and responsibilities.

Our holding herein is in direct conflict with our prior holding in *Crabbs v. Crabbs* (July 31, 1992), Licking App. No. CA–3696, unreported, 1992 WL 195417. We believe our present decision to be more sound in law and logic and therefore overrule *Crabbs*.

Accordingly, we sustain appellant's second assignment of error, reverse the judgment ordering modification of parental rights and responsibilities entered in the Licking County Court of Common Pleas and remand this cause to that court for further proceedings not inconsistent with this opinion.

### Assignments of Error Nos. I and III

Because of our preceding decision, appellant's first and third assignments are rendered moot and need not be addressed.

### Assignment of Error No. IV

Through her fourth assignment, appellant maintains the trial court erred in failing to find appellee in contempt of court for his failure to pay $300 in legal fees as ordered by the court in the divorce decree.

The trial court found appellee was not in contempt for failure to pay the legal fees because the decree did not specify a time in which the fees were to be paid. We find no error in this reasoning.

Accordingly, we overrule appellant's final assignment of error.

For the foregoing reasons, the judgment entered in the Licking County Court of Common Pleas, Division of Domestic Relations, is reversed as it relates to its order modifying the parties' parental rights and responsibilities and this cause is remanded to that court for further proceedings not inconsistent with this opinion. In all other respects, the judgment is affirmed.

*Judgment accordingly.*

SMART, P.J., and WILLIAM B. HOFFMAN, J. concur.