OPINION
On November 8, 1993, appellant, John R. Smith, filed a complaint to establish a parent/child relationship with Jesse R. Smith born October 1, 1990. Mother of the child is appellee, Lisa S. Baker. By judgment entry filed January 5, 1994, the trial court found a father/child relationship to exist and named appellant residential parent and legal custodian of the child. On August 4, 1997, appellee filed a motion to reallocate parental rights and responsibilities claiming a change in circumstances. A hearing before a magistrate was held on October 20, 1997. By decision filed February 9, 1998, the magistrate found a change of circumstances in that the child did not reside with appellant but rather his paternal grandmother. The magistrate recommended that appellee be named residential parent and legal custodian of the child. On February 13, 1998, appellant filed a request for findings of fact and conclusions of law and objections to the magistrate's decision. On April 27, 1998, the magistrate filed an amended decision including findings of fact and conclusions of law. Appellant filed additional objections to the amended decision on May 8, 1998. By journal entry filed April 16, 1999, the trial court overruled the objections and approved and adopted the magistrate's decision. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I, THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN CONCLUDING THAT A CHANGE OF CIRCUMSTANCES REGARDING THE CHILD OR THE RESIDENTIAL PARENT OCCURRED SINCE THE TIME OF THE INITIAL JANUARY 5, 1994 ENTRY.
II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT MAKING A RECORD OF THE IN CAMERA INTERVIEW WITH THE MINOR CHILD AT ISSUE.
III. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO APPOINT A GUARDIAN AD LITEM TO REPRESENT THE BEST INTERESTS OF THE CHILD.
IV. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO APPOINT AN ATTORNEY TO REPRESENT THE CHILD UPON DETERMINING THAT THE CHILD'S WISHES CONFLICTED WITH THE GUARDIAN AD LITEM'S OPINION AS TO HIS BEST INTERESTS.
V. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN CONCLUDING THAT IT IS IN THE BEST INTERESTS OF THE CHILD THAT HE RESIDE WITH APPELLEE, REGARDLESS OF WHETHER OR NOT THERE WAS A CHANGE IN CIRCUMSTANCES.
Before we commence a discussion on the assignments of error, we note no transcript of the magistrate's hearing was provided to the trial court for review regarding the objections, nor was a transcript prepared of the trial court's hearing on the objections. When portions of a transcript necessary to resolve issues are not part of the record, we must presume regularity in the proceedings of the trial court and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
 I, V
Appellant claims the trial court erred in finding a change of circumstances had occurred since the original custody order and the best interests of the child warranted a change of custody. We disagree. The trial court has broad discretion in custody proceedings. Trickey v. Trickey (1952), 158 Ohio St. 913. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. However, said discretion is not absolute and must be guided by R.C. 3109.04(E)(1)(a) which governs the modification of parental rights and responsibilities and states as follows: (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. As previously noted, it is impossible to review the testimony of the witnesses on the issue of changed circumstances. However, because the trial court and the magistrate both provided findings of fact, we can review these findings to determine in a vacuum whether they are sufficient to constitute a change of circumstances. After reviewing the objections, the trial court concluded a change of circumstances as noted by the magistrate had occurred and it was in the best interests of the child to be in appellee's custody. In so ruling, the trial court adopted the magistrate's findings of fact of April 27, 1998. In Finding of Fact Nos. 5 and 6, respectively, the magistrate found appellant had "relinquished his parental rights to his parents" and "the minor child has never resided primarily with his father." The magistrate also found appellant had denied appellee visitation and telephone contact with the child. See, Finding of Fact No. 9. Appellant's main involvement with the child has been to thwart appellee's visitation rights, and appellant was "belligerent towards the Court." See, Finding of Fact Nos. 11 and 13. In Finding of Fact Nos. 22 and 23, the magistrate made the following specific facts as to appellee: 22. The Defendant, Lisa Baker, is employed at Rocky Fork Grocery as a Manager. The Defendant has maintained that employment for approximately two and a half years. She works 27-32 hours per week on a flexible schedule and earns $7.50 per hour. The Defendant is a valued employee and has an excellent work ethic.
 23. The Defendant has been drug and alcohol free since prior to October 10, 1995. She maintains a valid drivers license and has attended, and is in charge of, meetings at AA/NA in Newark, Ohio. The Defendant is engaged to be married. She has the necessary and appropriate facilities to care for the minor child.
In reference to R.C. 3109.04(E)(1)(a), the magistrate's decision was based upon appellant's relinquishment of his parental responsibilities to his mother, his lack of involvement in the child's life, his efforts to thwart appellee's involvement with the child, and the fact that appellee would be the one "more likely to honor and facilitate visitation." See, Conclusions of Law filed April 27, 1998. The magistrate concluded "the harm likely to be caused in a change of environment for the child is outweighed by the advantages in the change." Id. The guardian ad litem recommended that the child "reside with his mother." See, Report filed January 27, 1999. The psychiatric evaluation by Dr. Kontras indicates appellee had a drug and alcohol problem some four years ago but is now clean and a group leader for Narcotics Anonymous in Newark. See, Evaluation filed November 24, 1998. Further, appellee has steady employment. Id. Dr. Kontras noted the child "has been showing signs of depression" and "mild separation anxiety disorder" over the change of custody. Id. Dr. Kontras recommended individual therapy with Ms. Watkins. The outpatient progress notes of Ms. Watkins filed November 24, 1998 indicates she met with the child a minimum of ten times. Ms. Watkins stated in her notes dated August 18, 1998 that appellee "is eager to offset her past abandonment of Jesse by now learning how to make the best decisions for him now." As indicated by the magistrate's findings, appellant relinquished his parental responsibilities to his mother and hindered appellee's relationship with the child. Based upon these changed circumstances and the guardian ad litem's report, we find the trial court did not err in granting custody of the child to appellee. Assignments of Error I and V are denied.
 II
Appellant claims the trial court erred in not recording its in camera interview with the child. We disagree. Appellee argues the interview was tape recorded, just not transcribed by appellant in a prompt manner. See, Appellee's brief at 11. As we held in Patton v. Patton (1993), 87 Ohio App.3d 844, 846, trial courts are obligated to record in camera interviews if so requested by the parties "upon timely request." A review of the record sub judice discloses no such request. Assignment of Error II is denied.
 III, IV
Appellant claims the trial court erred in not appointing a guardian ad litem before the determination of custody had been made and in not appointing an attorney to represent the child once it was clear the guardian ad litem's opinion conflicted with the child's wishes. We disagree. The appointment of a guardian ad litem or an attorney rests in the sound discretion of the trial court. Civ.R. 75(B)(2); Blakemore. Appellant requested the appointment of a guardian ad litem on August 17, 1998, well after the filing of the magistrate's amended decision on April 27, 1998. The trial court granted the request on August 24, 1998 and appointed a guardian. In its journal entry changing custody, the trial court noted it considered the guardian ad litem's reports in its decision. We fail to find that a guardian ad litem's recommendation that goes against the wishes of an eight year old child necessitates the appointment of an attorney for the child. Pursuant to Civ.R. 53(E)(4)(b), the trial court could have summarily overruled appellant's objections on factual grounds given the fact that no transcript of the magistrate's hearing was prepared. The record establishes the trial court demonstrated a concern for the issues presented by appointing a guardian ad litem after the objections had been filed. This concern is evident in the trial court's change of custody entry wherein the trial court stated the following:
The Court has read this case from cover to cover. The Court has spent hours going over the evidence presented which includes the psychological evidence, as well as the evidence of the Guardian ad Litem. The Court wants desperately for this young child to have a happy life. The Court is quite concerned about all of the Court proceedings this child is caught in the middle of. The Court is well aware of the background of this case and well aware that the grandparents did a wonderful job with Jesse. The Court hopes that the parties will be able to allow Jesse to continue this relationship which obviously has been a beneficial one for him.
After reviewing the case thoroughly, researching the matter, reviewing the testimony, the Guardian ad Litem's reports, reading and rereading the Briefs, the Memorandum Contra and the Supplemental Memorandum, the Court hereby finds no error made on the part of the Magistrate in determining custody.
Based upon the above reasons and the trial court's clear intent to be evenhanded, we find the trial court did not err in not appointing a guardian ad litem before the determination of custody had been made and in not appointing an attorney to represent the child. Assignments of Error III and IV are denied.
The judgment of the Court of Common Pleas of Perry County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.