OPINION
Defendant-appellant Patrick W. Richardson (hereinafter "husband") appeals the March 23, 1999 Judgment Entry-Contempt for Visitation entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, finding plaintiff-appellee Cathy D. Richardson (hereinafter "wife") not guilty of contempt and modifying husband's visitation with the parties' minor daughters.
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on June 18, 1988, in Columbus, Ohio. Two children were born as issue of said union, to wit: Elizabeth (DOB 11/12/88) and Nicole (DOB 3/14/90). On June 20, 1994, wife filed a Complaint for Legal Separation in the Fairfield County Court of Common Pleas, Domestic Relations Division. Wife filed a Motion requesting the trial court allow her to convert her Complaint for Legal Separation to a Complaint for Divorce on October 31, 1994, which the trial court granted via Judgment Entry filed the same day. Wife filed her Complaint for Divorce, instanter. On November 7, 1995, the parties appeared in court with their respective counsel and executed a memorandum agreement. Both parties testified, under oath, in open court, he/she entered into the agreement voluntarily, understood the contents of said agreement, and asked the trial court to approve it. Attorney Lee A. Thompson, counsel for wife, prepared and sent a Memorandum Entry, which memorialized the agreement, to Attorney David W. Poston, counsel for husband. Despite the fact the Memorandum Entry incorporated the parties' agreement, husband made changes to the Memorandum Entry. Upon wife's Motion, the trial court approved the proposed judgment entry-decree of divorce submitted by wife, which conformed to the agreement delineated by the parties on November 7, 1995, finding husband neither filed written objections nor a memorandum in opposition to the entry. Via Judgment Entry filed November 21, 1995, the trial court awarded wife a divorce from husband. The Judgment Entry incorporated the November 7, 1995 agreement. At the time of the divorce and at the present time, husband was/is a practicing Jehovah's Witness. The Judgment Entry provides for the children's involvement in husband's religious practices. Specifically, the trial court ordered, adjudged and decreed: 2. * * * With reference to assemblies, conventions or in-service work for religious purposes, [husband] shall not take the children with him until the oldest child reaches age 9 years and then only provided the assemblies, conventions or in-service fall on his weekends and in that event, as part of his companionship, he shall be permitted to take the children with him subject to further review of the court and subject to the best interests of the children. On his weekends, from the ages of 9 years of the oldest child to 14 years of age of her, the children shall be permitted to attend a convention or assembly, however, they shall only attend two days of same and thereafter, at age 14 years of the oldest child, it shall be up to the children as to whether or not they attend a convention, assembly or go in-service. In addition, during companionship, at all times, [husband] shall be entitled to take the children to Kingdom Hall on Sundays on the weekends that he has the children. With reference to the Memorial, a religious observation of [husband], the children shall not be required to go to the Memorial until age 14, and thereafter, only upon their request and desire to do so.
November 21, 1995 Judgment Entry at 2, unpaginated.
On December 15, 1998, husband filed a Motion moving the trial court to find wife in contempt for failing to comply with the companionship schedule. Specifically, husband alleged wife refused to allow him to have companionship with Elizabeth and Nicole during the weekend of November 27, 1998, and during his mid-week visits on December 2, 1998, and December 9, 1998. The trial court scheduled a show cause hearing for April 15, 1999. Thereafter, on January 19, 1999, husband filed a motion for an order reallocating parental rights and responsibilities, and designating him the residential parent and legal custodian of Elizabeth and Nicole. The motion also sought an additional order finding wife in contempt for failing to allow husband to exercise companionship with the children throughout December, 1998, and January, 1999. The trial court ordered the additional charges of contempt also be heard on April 15, 1999. Due to the unavailability of Attorney Jim Fields, counsel for the minor children, the trial court rescheduled the hearing for March 17, 1999. On January 29, 1999, wife filed a motion requesting the trial court interview the minor children in chambers in order for Elizabeth and Nicole to express their wishes and concerns regarding visitation, and to provide the trial court with facts regarding the alleged contempt. On February 3, 1999, husband filed a Motion in Limine moving the trial court "for an order excluding any and all evidence about [his] religious beliefs and practices, unless such evidence is predicated with a clear and affirmative showing of present and substantial harm to the minor child [sic]". Motion in Limine at 1. The trial court overruled husband's motion, finding it appropriate for the court to hear evidence on how husband's religious practices may affect the minor children mentally or physically. At the commencement of the hearing on March 17, 1999, the trial court provided the parties with an opportunity to argue their respective positions regarding an in-camera interview of the minor children. Attorney Thompson, counsel for wife, argued the court had statutory authority to conduct the in chamber interview of the children because visitation was at issue. In response, Attorney Ronald Happeney, counsel for husband, objected, asserting the code section upon which wife relies relates to the allocation of parental rights and responsibilities, and the issue before the court was contempt. Attorney Fields conveyed Elizabeth and Nicole's preference to be interviewed in chambers by the court rather than testify in front of their parents. Attorney Kenneth Millisor, the guardian ad litem, agreed with Attorney Fields, stating his preference the minor children not be required to take the witness stand. When the parties finished, the trial court interviewed Elizabeth and Nicole in chambers with Attorney Fields and Attorney Millisor present. The trial court failed to make a record of the interview with Elizabeth and Nicole. Neither husband nor wife requested a record of the interview. Upon conclusion of the in chambers interview, the trial court heard evidence on the charges of contempt. Via Judgment Entry-Contempt for Visitation filed March 23, 1999, the trial court found wife not guilty of contempt. Although the trial court found husband was not able to visit Elizabeth and Nicole on the dates which were subject to the allegations of contempt, the court found such failure was not the result of any misconduct by wife. It is from this judgment entry husband appeals, raising the following assignments of error:
 I. IN THIS CONTEMPT PROCEEDING FOR DENIAL OF VISITATION, THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING DEFENDANT'S MOTION IN LIMINE, PRIOR TO HEARING, THEREBY PERMITTING THE PLAINTIFF, OVER OBJECTION, TO MAKE INQUIRY REGARDING DEFENDANT'S RELIGIOUS PRACTICES WHEN THERE HAS BEEN NO FOUNDATIONAL SHOWING THAT THE RELIGIOUS PRACTICES ADVERSELY AFFECT THE CHILDREN'S GENERAL WELFARE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN INTERVIEWING THE MINOR CHILDREN OF THE PARTIES, IN CHAMBERS, PRIOR TO THE COMMENCEMENT OF A CONTEMPT ONLY HEARING.
 III. THE TRIAL COURT ERRED IN FAILING TO MAKE A RECORD OF THE INTERVIEW OF THE CHILDREN.
 IV. THE FAILURE/REFUSAL OF THE TRIAL COURT TO FIND THE PLAINTIFF IN CONTEMPT OF COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ERROR AS A MATTER OF LAW. FURTHERMORE, THE SUA SPONTE MODIFICATION OF THE DEFENDANT'S COMPANIONSHIP RIGHTS WAS AN ABUSE OF DISCRETION.
Any other facts relevant to our discussion of husband's assignments of error shall be contained therein.
 I
In his first assignment of error, husband contends the trial court erred in overruling his Motion in Limine and permitting wife, over objections, to elicit testimony regarding husband's religious practices. Prior to the contempt hearing, husband filed a Motion in Limine seeking an order excluding all evidence regarding and related to his religious beliefs and practices. At the hearing, husband made repeated objections to wife's attempts to raise such issues. The trial court overruled husband's objections, however, we find it unnecessary to determine whether the court erred in admitting the evidence. In its judgment entry, the trial court explicitly stated: The evidence shows, excluding the religious issues completely, that [husband], as the father, by his personality, his conduct, actions and attitudes is in direct conflict with the needs, wants, desires and best interests of Elizabeth and Nicole. March 23, 1999 Judgment Entry-Contempt for Visitation at 2-3, unpaginated (Emphasis added).
Even if the court erred in admitting the evidence, a conclusion we do not reach today, such error was harmless given the aforementioned statement. Husband's first assignment of error is overruled.
 II
In his second assignment of error, husband maintains the trial court erred as a matter of law and abused its discretion in interviewing the minor children in chambers prior to the commencement of a hearing limited to the issue of contempt. Husband argues R.C. 3109.04(B), upon which wife relied in the trial court, applies only when the trial court is determining the allocation of parental rights and responsibilities. We agree. R.C.3109.04(B)(1) provides, in pertinent part: (B)(1)When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest * * * the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation. (Emphasis added).
The March 17, 1999 hearing did not involve the allocation of parental rights and responsibilities; therefore, the trial court did not have the authority pursuant to R.C. 3109.04(B)(1) to conduct an in chambers interview of the minor children. Although not brought to the trial court's attention, husband refers this Court to R.C. 3109.05.1(C), which provides, in part: (C) When determining whether to grant companionship or visitation rights to a parent, * * * the court shall consider any mediation report * * * shall consider all other relevant factors, including, but not limited to, all of the factors listed in division (D) of this section. In considering the factors listed in division (D) of this section for purposes of determining whether to grant visitation rights, establishing a specific visitation schedule, determining other visitation matters * * * and resolving any issues related to the making of any determination with respect to visitation rights or the establishment of any specific visitation schedule, the court, in its discretion, may interview in chambers any or all involved children regarding their wishes and concerns. If the court interviews any child concerning the child's wishes and concerns regarding those visitation matters, the interview shall be conducted in chambers, and no person other than the child, the child's attorney, the judge, and any necessary court personnel, and, in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers during the interview. (Emphasis added).
Husband submits this statute also is inapplicable because it addresses a determination of companionship and visitation, and the March 17, 1999 hearing, although it involved visitation, was specifically limited to contempt, which is not encompassed within R.C. 3109.05.1(C). We disagree. R.C. 3109.05.1(C) permits a trial court to conduct an in chambers interview of children when "resolving any issues related to the making of any determination with respect to visitation rights or the establishment of any specific visitation schedule." We find this language is broad enough to encompass a hearing on charges of contempt relative to visitation rights. In defense of the charges of contempt, wife explained she forced the girls to go on visits with husband, literally extricating them from her body, until November, 1998, when, due to a medical condition, she could no longer physically do so. At that point, wife told Elizabeth and Nicole she would not force them to visit husband. Wife stated she encouraged the children to visit husband and sought alternative means of maintaining their contact with him. In light of wife's testimony, the reasons for the girls' not wanting to visit husband becomes important to the trial court's determining whether wife was in contempt. Because the nature of the charges against wife required the trial court to resolve issues related to the making of its prior determination of husband's visitation rights, or the establishment of the specific visitation schedule, we find the trial court was within its discretion in conducting an in chambers interview of the minor children. Husband's second assignment of error is overruled.
 III
In his third assignment of error, husband asserts the trial court erred in failing to make a record of the interview of the children. We agree. In Patton v. Patton (1993), 87 Ohio App.3d 844, this Court found: * * * a trial court errs in refusing a timely request that a record be made of its interview of minor children who are the subject of the proceedings involving the award of parental rights and responsibilities. Id. at 846.
The husband-appellee in Patton, supra, sought "an order modifying the allocation of parental rights and responsibilities regarding the three minor children so that he would be designated the residential parent and legal custodian". Id. at 845. Both husband and wife filed timely requests the trial court make a record of the proceedings. Id. The referee made a record of the entire hearing, with the exception of his in chambers interview with two of the minor children. Id. Thereafter, the referee and the trial court relied upon the in chambers interview of the children in reaching the decision to modify the allocation of parental rights and responsibilities. Id. Wife filed a timely appeal, asserting error in the trial court's failure to make a record of the in chambers interview. Id. at 846. This Court agreed, finding R.C.3109.04(B)(2)(c) "requires that a court stenographer and/or other record recording device be present in the in-chambers interview of the minor children upon timely request." Id. In his brief to this Court, husband herein acknowledges he did not specifically request the trial court record the interview with Elizabeth and Nicole. Husband submits, and we agree, he was not required to do so. Fairfield County Loc. R. 28.1 reads, in pertinent part: Recording of Proceedings. Unless otherwise ordered by the Court, all matters of record shall be preserved by electronic record. * * *
R.C. 3109.51 [3109.05.1](C) provides, "If the court interviews any child * * *, the interview shall be conducted in chambers, and no person other than the child, the child's attorney, the judge, and any necessary court personnel, and, in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers during the interview." (Emphasis added). We believe this statutory section contemplates the presence of a court stenographer and/or other record recording device during the in chambers interview of the minor children. Therefore, the in chambers interview is a matter of record. We find a specific request for a record of the in chambers interview was not necessary because of Loc. R. 28.1. Appellant was justified in presuming the trial court would make a record of the in chambers interview. As it was not "otherwise ordered" by the trial court, an electronic record was required by Loc. R. 28.1, we find the trial court erred in failing to make a record of its in chambers interview with Elizabeth and Nicole. This error is necessarily prejudicial when the March 23, 1999 Judgment Entry-Contempt for Visitation clearly reveals the trial court relied upon the statements made by Elizabeth and Nicole in reaching its decision. We note we do not find this Opinion to be in conflict with Patton, supra, as a timely request was made via the requirement of Loc. R. 28.1. Husband's third assignment of error is sustained.
 IV
In light our disposition of husband's third assignment of error, we overrule this assignment of error as premature. The judgment entry of the Fairfield County Court of Common Pleas is reversed and the matter remanded to the trial court for a new hearing on appellant's contempt motion in accordance with the law and this opinion. By: Hoffman, J. and Gwin, P.J. concur. Farmer, J. dissents.