OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Dotson, Appellant, v. Rogers, Warden, Appellee.
[Cite as State ex rel. Dotson v. Rogers (1993), Ohio St.3d .]
Habeas corpus not available to review irregularities of nonjurisdictional nature.
(No. 92-1603 -- Submitted January 19, 1993 -- Decided February 24, 1993.)
Appeal from the Court of Appeals for Allen County, No. 1-92-49.

Appellant, Emory B. Dotson, filed a petition for a writ of habeas corpus in the Court of Appeals for Allen County, claiming he was convicted of unspecified criminal charges and sentenced to a term of eleven to forty years' imprisonment in violation of his constitutional rights to a speedy trial and the effective assistance of counsel. The court of appeals held that both claims were nonjurisdictional and therefore not cognizable in habeas corpus, and dismissed the petition.

The cause is before the court upon an appeal as of right.

Emory B. Dotson, pro se.

Per Curiam. We affirm the decision of the court of appeals.

In Mack v. Maxwell (1963), 174 Ohio St. 275, 22 O.O. 2d 335, 189 N.E.2d 156, we held that a claimed denial of the constitutional right of a speedy trial could not be brought in habeas corpus after the accused had pled guilty to or been convicted of the crime charged. In McConnaughy v. Alvis (1956), 165 Ohio St. 102, 59 O.O. 103, 133 N.E. 2d 133, we held that ineffective assistance of trial counsel is a nonjurisdictional claim that must be raised by appeal. Therefore, the court of appeals correctly dismissed the petition in this case, and its judgment is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.