ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On October 15, 2003 relator William A. Patterson, Jr. commenced this mandamus action. In his petition, he asks this court to overturn Judge Joseph D. Russo's denial of his motion to suppress thereby allowing the prosecution to use a photo array in State v. Patterson,
Cuyahoga County Court of Common Pleas, Case Nos. 437813, 436959. On November 17, 2003, respondent, through the Cuyahoga County Prosecutor's Office, filed a motion to dismiss petition for writ of mandamus. For the following reasons, we grant respondent's motion to dismiss.
 {¶ 2} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained in the petition are true, that the petitioner can prove no set of facts which would warrant the relief sought. State ex rel. Neff v. Corrigan (1996), 75 Ohio St.3d 12,661 N.E.2d 170. The relief sought herein is a writ of mandamus.
 {¶ 3} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Mansonv. Morris (1993), 66 Ohio St.3d 440, 613 N.E.2d 232, citing State exrel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 451 N.E.2d 225.
 {¶ 4} In this matter, we find that Patterson has a plain and adequate remedy at law through a direct appeal. State ex rel. Walker v.Bowling Green (1994) 69 Ohio St.3d 391, 632 N.E.2d 904; State ex rel.Baker v. Schiemann (1993), 67 Ohio St.3d 443, 619 N.E.2d 692; State exrel. Kuczak v. Saffold (1993), 67 Ohio St.3d 123, 616 N.E.2d 230.
 {¶ 5} Additionally, Patterson failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 6} We also find that Patterson's petition as to his request for a writ of mandamus is defective since it is improperly captioned. A petition for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Patterson's failure to properly caption his petition as to the writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty.
(1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 7} Accordingly, we grant the respondent's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry
 {¶ 8} Pursuant to Civ.R. 58(B).
 {¶ 9} Writ dismissed.
Patricia A. Blackmon, P.J., concurs.
Colleen Conway Cooney, J., concurs.