JOURNAL ENTRY AND OPINION
{¶ 1} William A. Patterson, Jr., the defendant in State v.Patterson, Cuyahoga County Court of Common Pleas Case Nos. CR-436958 and 437813,[1] which are assigned to Judge Joseph D. Russo, complains that: the evidence presented to the grand jury was insufficient to support the indictment or that unspecified photographs were illegal evidence; and that this evidence was used against him during the hearing on his motion to suppress which the judge denied. He requests that this court "overturn" the judge's decision and dismiss the indictments or acquit him of all charges. We dismiss this action sua sponte.
 {¶ 2} Mandamus does not lie to challenge the validity or sufficiency of an indictment. Rather, Patterson's remedy is by way of direct appeal.[2] We also note that, to the extent that he requests that this court compel the judge to dismiss the indictments and acquit him, relief in mandamus is not appropriate. "[A]lthough mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused."[3] Not only must we reject Patterson's request for relief in this case, this court previously dismissed another action by him seeking "to overturn Judge Joseph D. Russo's denial of his motion to suppress * * *."[4] This court also previously rejected his request to compel the judge to dismiss the indictments.[5] In light of the fact that this court has previously denied all of the relief Patterson requests in this action, res judicata bars this action in mandamus.[6]
 {¶ 3} Furthermore, the complaint is defective. Although actions in mandamus must be on relation of the state in the name of the person bringing the action, the caption reads "State of Ohio Judge Joseph D. Russo v. Patterson."[7]
 "* * * Additionally, relator `did not file an R.C. 2969.25(A)affidavit describing each civil action or appeal of a civilaction he had filed in the previous five years in any state orfederal court and also did not file an R.C. 2969.25(C) certifiedstatement by his prison cashier setting forth the balance in hisprivate account for each of the preceding six months.' * * * As aconsequence, we deny relator's claim of indigency and order himto pay costs. * * *"[8]
 {¶ 4} Likewise, in this action, Patterson has failed to support his complaint with requisite affidavit, and we deny his claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus."[9] Similarly, he has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from Patterson specifying the details of the claim.[10]
 {¶ 5} Accordingly, this action is dismissed sua sponte. Patterson to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 6} The writ is dismissed.
Writ dismissed.
 Rocco and Celebrezze Jr., JJ., concur.
[1] The court of common pleas dismissed case No. CR-436958 by entry received for filing on February 18, 2004. In case No. CR-437813, the court of common pleas declared a mistrial, reset trial for April 13, 2004, and granted Patterson's motion for reduction of bond.
[2] State ex rel. Bennett v. White, 93 Ohio St.3d 583,2001-Ohio-1615, 757 N.E.2d 364; State ex rel. Nelson v. Mason
(Nov. 22, 2000), Cuyahoga App. No. 78709, at 3-4.
[3] State ex rel. Perotti v. McMonagle (Jan. 18, 2001), Cuyahoga App. No. 78816, at 2-3.
[4] State ex rel. Patterson v. Russo, Cuyahoga App. No. 83621, 2003-Ohio-6629, at ¶ 1.
[5] State ex rel. Patterson v. Russo, Cuyahoga App. No. 83986, 2004-Ohio-517.
[6] State ex rel. Carroll v. Corrigan, 91 Ohio St.3d 331,332, 2001-Ohio-54, 774 N.E.2d 771.
[7] R.C. 2731.04.
[8] State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4 (Internal citations omitted).
[9] State ex rel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6, citing Zanders v. Ohio Parole Board
(1998), 82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alfordv. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
[10] State ex rel. Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.