OPINION
{¶ 1} Petitioner-appellant Stephan D. Scott appeals from the May 13, 2005, Judgment Entry of the Tuscarawas County Court of Common Pleas, General Trial Division, which awarded the right to take tax exemptions for the parties' two dependent adult children to petitioner-appellee Joan L. Scott Chumney.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee were married on June 16, 1978. Three children were born as issue of the marriage, Stephan M. Scott, d.o.b. 11/3/78, Lindy L. Scott, d.o.b. 4/5/82 and Kristy E. Scott, d.o.b. 9/19/83. The marriage ended via a Decree of Dissolution filed on December 18, 1986. The Decree of Dissolution incorporated the parties' Separation Agreement.
 {¶ 3} In the parties' Separation Agreement, executed on October 10, 1986, and incorporated into the Decree of Dissolution, appellant was granted the right to claim the three minor children as his dependents for tax purposes conditioned upon appellant being current in his child support obligation.[1] The issue in this case concerns the right to claim the tax dependency exemptions for Stephan M. Scott and Lindy L. Scott now that Stephan and Lindy are emancipated, yet qualify as dependents.[2] Both appellant and appellee claimed these two children as dependents for federal tax return years 2001 and 2002.
 {¶ 4} On December 30, 2003, appellant filed a motion requesting that appellee be found in contempt of court for her failure to authorize appellant to claim the children as his dependents for federal tax purposes. A hearing was held on March 16, 2004. At that hearing, appellee claimed that she believed appellant lost his right to claim the children because he was no longer under a child support obligation for those children.
 {¶ 5} On July 15, 2004, a Magistrate's Decision was issued. In that Decision, the Magistrate recommended that appellee be entitled to claim the two children as dependents for tax years 2001 and 2002 and all years thereafter. Further, the Magistrate recommended no finding of contempt be made against appellee.
 {¶ 6} On July 29, 2004, appellant filed written objections to the Magistrate's Decision. By Judgment Entry filed October 8, 2004, the trial court denied appellant's motion for contempt on the basis that there was no agreement in the Separation Agreement concerning post-emancipation tax dependency exemptions. Further, the trial court concluded that it had no jurisdiction to consider the tax exemption issue for the emancipated children.
 {¶ 7} Appellant appealed. On appeal, this court ruled that the trial court had jurisdiction over the issue of tax dependency exemptions for emancipated children because it was an issue arising between the parties to the divorce. The matter was remanded for further consideration.
 {¶ 8} Upon remand, on May 13, 2005, the trial court issued a Judgment Entry in which it adopted the Magistrate's Decision. The trial court thereby awarded the tax exemptions for the two emancipated, dependent children to appellee.
 {¶ 9} It is from the May 13, 2005, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 10} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY REFUSING TO ACKNOWLEDGE APPELLANT'S RIGHT TO CLAIM THE MINOR CHILDREN AS HIS DEPENDENTS FOR TAX PURPOSES AFTER THEIR EMANCIPATION."
 {¶ 11} On appeal, appellant asserts that under the parties' Separation Agreement, adopted as an order of the court, he has the right to claim the exemptions for the children, despite the fact that the children are emancipated. Essentially, appellant argues that the trial court erred as a matter of law when it modified the terms of the Separation Agreement. Appellant contends that if appellee wished to have the trial court grant the right to claim the children as her dependents to her, she should have filed a motion requesting a modification of the prior tax exemption award. We disagree.
 {¶ 12} Revised Code 3105.65(B) provides that a trial court has full power to enforce the provisions of such a separation agreement which has been incorporated into a decree of dissolution of marriage. Where there is confusion over the interpretation to be given to a particular clause, the trial court in enforcing the agreement has the power to hear the matter, clarify the confusion, and resolve the dispute. SeeSaeks v. Saeks (1985), 24 Ohio App.3d 67, 493 N.E.2d 280. Inre Marriage of Seders 42 Ohio App.3d 155, 156-157,536 N.E.2d 1190, 1192. An interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 13} Clearly, before ruling on appellant's Motion for Contempt, the trial court had to interpret the language awarding the tax exemptions in the Separation Agreement as adopted in the Decree. That is what the trial court did when it considered the language of the Decree and concluded that the Separation Agreement's award of tax exemptions did not apply to emancipated children. Therefore, appellant's argument that the trial court could not modify the Decree in order to re-award the exemptions to appellee is without merit. The trial court did not modify the Decree; it interpreted the language of the Decree. Thus, we conclude that the trial court did not err, as a matter of law, by failing to award the tax exemptions to appellant pursuant to the terms of the Decree of Dissolution.[3]
 {¶ 14} Accordingly, for the foregoing reasons, appellant's sole assignment of error is overruled.
 {¶ 15} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] In this case, the Order stated as follows:
"[Appellant] shall have the right to any and all income tax deductions for federal, state and local income tax purposes for the minor children so long as he remains current in all support."
[2] Stephan M. Scott was emancipated in June, 1997, and Lindy L. Scott was emancipated in June, 2000.
[3] We note that appellant's argument is somewhat limited. Appellant presented only a legal issue and did not contest any factual issues.