ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Jeffrey Elko, is the defendant in State v.Elko, Cuyahoga County Court of Common Pleas Case Nos. CR-420720, 436160, and 437173. In his complaint for mandamus, Elko asserts that:
"The papers signed by that grand jury which purport to be indictments are void, and indeed legal nullities for the prosecutor's failure to build the statutory/procedural foundation required to support true indictment."
 {¶ 2} Complaint, ¶ 15. He argues that the judgments of conviction against him are, therefore, void and requests that this court issue a writ of mandamus compelling respondent judge to vacate those judgments.
 {¶ 3} Respondent has filed a motion to dismiss the complaint and argues that respondent does not have a clear legal duty to vacate Elko's convictions. "Mandamus does not lie to challenge the validity or sufficiency of an indictment. Rather, [relator]'s remedy is by way of direct appeal. State ex rel. Bennett v.White, 93 Ohio St.3d 583, 2001-Ohio-1615, 757 N.E.2d 364; Stateex rel. Nelson v. Mason (Nov. 22, 2000), Cuyahoga App. No. 78709, at 3-4." State ex rel. Russo v. Patterson, Cuyahoga App. No. 83898, 2004-Ohio-1273, at ¶ 2. In light of State ex rel.Russo v. Patterson, we must conclude that respondent's motion to dismiss is well-founded.
 {¶ 4} Respondent is also correct that Elko has not complied strictly with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim." (Emphasis added.) Although Elko's signature on the complaint is notarized, he has not attached an affidavit specifying the details. Rather, his signature is merely followed by the notary's jurat. This court has held that the filing of an affidavit which fails to specify the details of the claim is a ground for dismissal. See, e.g., State ex rel Sansom v. Wilkinson,
Cuyahoga App. No. 80743, 2002-Ohio-1385, at 6-7. Elko's failure to comply with Loc.App.R. 45(B)(1)(a) is a sufficient ground for dismissal.
 {¶ 5} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Frank D. Celebrezze, Jr., J., concurs Sean C. Gallagher, J.,concurs.