ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Nesreen Ganim ("Nesreen"), is the mother of three children who were born while she was married to her former husband, Zedan Ganim ("Zedan"). They are parties to: Ganim v.Ganim, Cuyahoga County Court of Common Pleas, Division of Domestic Relations, Case Nos. DR-264499, DR-288144 and DV-288261.
 {¶ 2} By entry received for filing in Case No. DR-264499 on July 25, 2003, the domestic relations court entered judgment in accord with the parties' agreement to a shared parenting plan with Nesreen as residential parent. By entry received for filing in Case No. DR-264499 on January 14, 2005, the domestic relations court ordered that all three children be removed from Nesreen's home and the court granted temporary custody to Zedan as a result of Zedan's allegations of abuse by Nesreen. The January 14, 2005 order was issued in response to the ex parte request by the children's attorney and then-guardian ad litem, respondent Terri L. Stupica. (The current guardian ad litem, Lori A. Zocolo, is also named as a respondent in this action.)
 {¶ 3} By entry received for filing in Case No. DR-264499 on October 26, 2005, respondent Galvin — who had been assigned to hear the underlying case as a visiting judge — observed that the court restored possession of two of the three children to Nesreen. Galvin also stated: "Despite [Zedan's] allegations of [Nesreen's] abuse of [M., the third child], no administrative or judicial finding of abuse was issued after thorough investigation."
 {¶ 4} Petitioner Nesreen complains that, despite the absence of evidence substantiating Zedan's allegations, Zedan retains custody of M. Nesreen requests that this court issue a writ of habeas corpus directing Zedan to return custody of M. to Nesreen or to show cause why not.
 {¶ 5} R.C. 2725.01 provides, in part: "Whoever is * * * entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." Respondents do not challenge the propriety of Nesreen seeking relief as petitioner.
 {¶ 6} Respondents Zedan, Galvin and Zocolo have filed motions to dismiss and Galvin challenges the propriety of naming her as a party. Nesreen avers in the petition that M. is in the custody of Zedan. She does not aver that any other respondent has custody of M. Additionally, the only relief which Nesreen requests is that this court return custody of M. to her. Clearly, respondents Galvin, Zocolo and Stupica are not appropriate parties to this action. See, e.g., Petway v. McFaul (Apr. 26, 2001), Cuyahoga App. No. 79254, unreported, at 2, citing R.C. 2725.04. As a consequence, we grant the motions to dismiss of Galvin and Zocolo as well as dismiss this action against Stupica sua sponte.
 {¶ 7} What remains for our consideration is Nesreen's claim against Zedan. R.C. 2725.05 provides:
"If it appears that a person alleged to be restrained of hisliberty is in the custody of an officer under process issued by acourt or magistrate, or by virtue of the judgment or order of acourt of record, and that the court or magistrate hadjurisdiction to issue the process, render the judgment, or makethe order, the writ of habeas corpus shall not be allowed. If thejurisdiction appears after the writ is allowed, the person shallnot be discharged by reason of any informality or defect in theprocess, judgment, or order."
 {¶ 8} Clearly, M. is in the custody of Zedan by virtue of an order of the division of domestic relations.
 {¶ 9} In In the Matter of C.F. v. Cuyahoga Cty. Dept. ofHuman/Children's Serv., Cuyahoga App. No. 81886, 2006-Ohio-439, this court articulated the requisite analysis when a party seeks relief in habeas corpus with respect to the custody of a child.
"In Howard v. Catholic Social Services of Cuyahoga County,Inc., 70 Ohio St.3d 141, 1994 Ohio 219, 637 N.E.2d. 890, theSupreme Court of Ohio examined the applicability of habeas corpusin a child custody case. The Supreme Court of Ohio held that:"
 ""Pursuant to R.C. 2725.05, this court has generally limitedissuance of the writ in order to preclude nonjurisdictionalchallenges. Flora v. Rogers (1993), 67 Ohio St.3d 441,1993 Ohio 131, 619 N.E.2d 690; State ex rel. Dotson v. Rogers(1993), 66 Ohio St.3d 25, 1993 Ohio 58, 607 N.E.2d 453. Inaddition to such criminal cases, we have applied R.C. 2725.05 inhabeas corpus cases that arose in the civil context as well. See,e.g., In re Frinzl (1949), 152 Ohio St. 164, 39 O.O. 456,87 N.E.2d 583, paragraph three of the syllabus, applying thesimilarly worded statutory predecessor to R.C. 2725.05 to a childcustody case; see also, Children's Home of Marion Cty. V.Fetter (1914), 90 Ohio St. 110, 106 N.E. 761, 11 Ohio L. Rep.518; In re Gatti (Oct. 16, 1990), Seneca App. No. 13-90-16,1990 Ohio App. LEXIS 5986, unreported, 1990 WL 157235; Mortonv. Ewers (Oct. 15, 1982), Monroe App. 567, 1982 Ohio App. LEXIS13395, unreported, 1982 WL 6200. 'A writ of habeas corpuswill lie in child custody matters if the custody order in disputewas entered by a court without jurisdiction, thus being void abinitio.' In re Miller (1984), 12 Ohio St.3d 40, 41,12 OBR 35, 36, 465 N.E.2d 397, 399; cf. Reynolds v. Ross Cty.Children's Serv. Agency (1983), 5 Ohio St.3d 27, 5 OBR 87,448 N.E.2d 816." Howard v. Catholic Social Services of CuyahogaCounty, Inc., supra, 145."
 "It must also be noted that habeas corpus is an extraordinaryremedy and is not available when there exists a remedy in theordinary course of the law. Habeas corpus may not be used as asubstitute for a direct appeal. Luchene v. Wagner (1984),12 Ohio St.3d 37, 12 Ohio B. 32, 465 N.E.2d 395; 12 Ohio St. 3d 37,12 Ohio B. 32, 465 N.E.2d 395; In re Piazza (1966),7 Ohio St.2d 102, 218 N.E.2d 459."
 In the Matter of C.F., supra at ¶ 3-5.
 {¶ 10} Petitioner argues that the division of domestic relations did not have the authority to enter the January 14, 2005 order removing Nesreen's custody of M. Nesreen also argues that she is entitled to relief in habeas corpus because the January 14, 2005 order was temporary and is no longer valid in light of the findings by Judge Galvin (set forth in the October 26, 2005 journal entry discussed above). Nesreen has not, however, provided this court with any controlling legal authority for the proposition that the jurisdiction of the domestic relations court ceases under these circumstances.
 {¶ 11} Rather, we agree with respondents that Nesreen continues to have an adequate remedy in the ordinary course of the law. First, she has the opportunity to contest the January 14, 2005 order in the proceedings before domestic relations court. A review of the docket in Case No. DR-264499 reflects that several motions are set for pretrial on May 12, 2006. Additionally, if the disposition by the domestic relations court is adverse to Nesreen, she may appeal that judgment.
 {¶ 12} In support of her argument that the division of domestic relations did not have the authority to modify the July 25, 2003 decree, Nesreen cites R.C. 3109.04(E)(1)(a) and argues that
"a trial court may not modify a prior allocation of parentalrights and responsibilities unless it finds (1) that a change incircumstances has occurred since the last decree; (2) themodification is necessary to serve the best interest of thechild; and (3) the harm likely to be caused by a modification isoutweighed by the advantages of the modification."
 {¶ 13} Reply of petitioner, at 5 (citations deleted). The error in her argument, however, is demonstrated by the citations upon which she relies. The cases which Nesreen cites and the arguments which she makes all are based upon appellate review of a modification in custody. She does not cite any authority for the proposition that the domestic relations court is without jurisdiction to make a modification determination.
 {¶ 14} That is, Nesreen's own citations and analysis actually support respondents' argument that she has an adequate remedy by way of appeal because those cases reflect appellate review of custody determinations. Nesreen has not, however, provided this court with any controlling authority indicating that appeal would not be an adequate remedy. Compare State ex rel. Kovalak v.Goodhand (Apr. 30, 1998), Cuyahoga App. No. 73665 (after juvenile court journalized an emergency custody order, the court of appeals dismissed the mother's action in habeas corpus noting that she had an adequate remedy through an appeal). As noted inHoward, supra, habeas corpus may not be used as a substitute for appeal.
 {¶ 15} We also note that the petition is defective. The signature of counsel on the petition is followed by a notary's jurat but is not supported by a separate affidavit specifying the details of the claim as required by Loc.App.R. 45(B)(1)(a).
"Although [relator]'s signature on the complaint is notarized,he has not attached an affidavit specifying the details. Rather,his signature is merely followed by the notary's jurat. Thiscourt has held that the filing of an affidavit which fails tospecify the details of the claim is a ground for dismissal."
 State ex rel. Elko v. Suster, Cuyahoga App. No. 87140,2006-Ohio-1082, at ¶ 4 (citations deleted). Nesreen's failure to comply with Loc.App.R. 45(B)(1)(a) is a sufficient ground for dismissal.
 {¶ 16} Accordingly, the motions to dismiss filed by respondents Ganim, Zocolo and Galvin are granted. We also dismiss respondent Stupica sua sponte. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B). Petition dismissed.
Sweeney, P.J., Concurs.
 Calabrese, Jr., J., Concurs.