OPINION
{¶ 1} Defendant-appellant Tabitha A. Broadbent ("Tabitha") brings this appeal from the judgment of the Court of Common Pleas of Union County, Domestic Relations Division, granting custody of her minor child to Allen B. Broadbent ("Allen").
 {¶ 2} On December 24, 1996, Tabitha and Allen were married. Allen was in the military and he and Tabitha spent a great deal of time apart. On January 12, 1998, Robert A. Broadbent ("Robert") was born to Tabitha and Allen. In July 1999, Tabitha and Allen separated. Allen reenlisted in the Army and was sent to Germany in April 2000. In April 2002, Allen was transferred to Kansas. Allen was then sent to Iraq on April 27, 2003. He returned from Iraq on April 2, 2004. On May 4, 2004, Allen filed for divorce.
 {¶ 3} On November 15, 2004, a hearing was held on the divorce petition. Evidence was presented by both parties as well as the Guardian Ad Litem concerning the appropriate residence for the child. The Guardian Ad Litem concluded that custody should be granted to Tabitha as she would be more likely to foster a relationship between Robert and Allen than Allen would be to foster a relationship between Robert and Tabitha. Additionally, the Guardian Ad Litem concluded that Robert's best interest required that he remain with his mother and the relatives he knew rather than moving to Kansas. After hearing all the evidence, the trial court granted the divorce and named Allen the residential parent. Tabitha appeals from this judgment and raises the following assignments of error.
The trial court erred in failing to follow R.C. 3109.04 regardingallocation of parental rights and responsibilities and improperly awardedcustody of [Robert] to [Allen].
 The trial court failed to consider which parent was the primarycaretaker of the child.
 The trial court's decision awarding custody of [Robert] to [Allen] isagainst the manifest weight of the evidence.
 {¶ 4} In determining a custody matter, the trial court has broad discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846.
The discretion which a trial court enjoys in custody matters should beaccorded the utmost respect, given the nature of the proceeding and theimpact the court's determination will have on the lives of the partiesconcerned. The knowledge a trial court gains through observing thewitnesses and the parties in a custody proceeding cannot be conveyed to areviewing court by a printed record.
Id. at 74. Thus, a reviewing court may not reverse a custody determination unless the trial court has abused its discretion. Pater v.Pater (1992), 63 Ohio St.3d 393, 588 N.E.2d 794. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises,Inc. v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161, 553 N.E.2d 597.
 {¶ 5} In the first assignment of error, Tabitha claims that the trial court failed to consider the factors set forth in R.C. 3109.04. R.C.3109.04(F)(1) sets forth the factors to be considered when allocating the parental rights and responsibilities for the care of children. These factors include the wishes of the parents, the wishes of the child, the child's relationships with significant people, the child's adjustment to home, school, and community, the mental and physical health of the people, the parent more likely to facilitate visitation and the relationship between the children and the parents, arrearages of child support, prior criminal charges regarding actions of the parent towards the spouse or the children, the denial of visitation, and the residency of the parent. R.C. 3109.04(F)(1). Here, the trial court specifically discussed all of these factors at the hearing. Tr. 214-221. Although this court might have reached a different conclusion based upon the findings made by the trial court, there is evidence to support the trial court's conclusion. Thus, the first assignment of error is overruled.
 {¶ 6} The second assignment of error raises the issue of whether the trial court failed to consider which parent was the primary caretaker of the child. The status of a parent as the primary caretaker is included in R.C. 3109.04(F)(1)(c), which requires the trial court to consider the relationship between the parent and the child. Here, the trial court indicated that the child resided with Tabitha and had adjusted well to her lifestyle. The trial court then stated that Robert had developed significant relationships with his maternal grandparents as well. The trial court also recognized that Allen had very little contact with Robert during his life. Thus, although the trial court did not specifically find that Tabitha was the primary caretaker during the child's life, it was aware of this fact and did consider the fact. The second assignment of error is overruled.
 {¶ 7} Finally, Tabitha claims that the trial court's decision was against the manifest weight of the evidence. The basis for this claim is that the trial court did not consider the primary caretaker doctrine, did not follow the recommendation of the Guardian Ad Litem, and that Allen is currently deployed to Iraq.
Weight of the evidence concerns `the inclination of the greater amountof credible evidence, offered in a trial to support one side of the issuerather than the other. It indicates clearly to the [fact-finder] that theparty having the burden of proof will be entitled to their verdict, if, onweighing the evidence in their minds, they shall find the greater amountof credible evidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on its effectin inducing belief.'
State v. Thompkins (1997) 78 Ohio St.3d 380, 387, 678 N.E.2d 514
(citing Black's Law Dictionary (6 Ed. 1990) 1594).
 {¶ 8} A new trial should only be granted in the exceptional case in which the evidence weighs heavily against the judgment. Id. Although the appellate court may act as a fact-finder, it should still give due deference to the findings made by the trial court.
The fact-finder, * * * occupies a superior position in determiningcredibility. The fact-finder can hear and see as well as observe the bodylanguage, evaluate voice inflections, observe hand gestures, perceive theinterplay between the witness and the examiner, and watch the witness'sreaction to exhibits and the like. Determining credibility from a steriletranscript is a Herculean endeavor. A reviewing court must, therefore,accord due deference to the credibility determinations made by thefactfinder.
 State v. Thompson (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.
 {¶ 9} A review of the record reveals that there is evidence to support each of the trial court's findings of fact. The record clearly indicates that there is great animosity between these parties, that neither party has been honest during the proceedings, and that both would terminate the other's parental rights if they had the power to do so. There is also evidence to indicate that Tabitha's lifestyle is not as stable as Allen's lifestyle. Although Tabitha now raises the issue of Allen's current deployment to Iraq, this was not the fact at the time of the hearing and thus is not in the record of proceedings before the trial court and cannot be considered by this court on appeal. As a fact subsequent to the decision, it might at some later time be a fact to be considered in a hearing because of a motion pursuant to R.C. 3109.04(E). Based upon this evidence, this court must agree with the trial court that this situation is very difficult as neither home is markedly better than the other. The weight of the evidence does not require a new trial. Thus, the third assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Union County, Domestic Relations Division, is affirmed.
Judgment affirmed.
 Cupp, P.J., and Rogers, J., concur.