OPINION
{¶ 1} The defendant-appellant, Tabitha Broadbent nka Hopkins ("Tabitha"), appeals the February 27, 2006, Judgment Entry of the Court of Common Pleas, Union County, Ohio.
 {¶ 2} The defendant-appellant, Tabitha, and plaintiff-appellee, Allen B. Broadbent ("Allen") were married on December 24, 1996 and one child was born as issue of the marriage, namely, Robert A. Broadbent ("Robert"), born January 12, 1998. Allen filed a complaint for divorce in 2004. On November 30, 2004, the Judgment Entry/Decree of Divorce was filed by the trial court designating Allen as the residential parent. Allen took custody of Robert on December 27, 2004 and moved Robert to his home in Kansas.
 {¶ 3} Shortly thereafter, in January of 2005, Allen was deployed to Iraq and remained in Iraq until December of 2005. Pursuant to Allen's military family care plan, which was introduced as an exhibit during the divorce proceedings, Robert's paternal grandfather was to have custody of Robert during Allen's deployment. During this time, the trial court's original custody determination was appealed to this Court by Tabitha in Broadbentv. Broadbent, 3rd Dist. No. 14-04-52, 2005-Ohio-3227. This Court affirmed the trial court's determination of granting residential parent and legal custodian of the minor child of the parties to Allen.
 {¶ 4} Robert's paternal grandfather took care of Robert from January of 2005 until May of 2005 when Tabitha had visitation rights for the summer, pursuant to the terms of the divorce decree. On July 1, 2005, Tabitha filed a Motion to reallocate parenting rights and responsibilities. On August 1, 2005, Allen filed a Motion for stay of proceedings in view of his deployment. On August 3, 2005, the stay was granted.
 {¶ 5} Also, later in August of 2005, when Tabitha's visitation time expired, she refused to return Robert to his paternal grandfather. Due to the stay being granted and the grandfather having no standing to challenge Tabitha's retention of Robert, the trial court refused to hear an emergency custody order to have Robert returned to his paternal grandfather.
 {¶ 6} On December 27, 2005, Allen returned to the United States and shortly thereafter requested that Robert be returned to him. However, Tabitha refused to return him to Allen. On February 17, 2006, a hearing was held on the motion for reallocation of parental rights and responsibilities. On February 27, 2006, the Magistrate's Decision was journalized and adopted by the trial court establishing that there was not a change in circumstances to warrant a modification. Therefore, Tabitha's motion for modification was dismissed and Tabitha was ordered to return physical custody of Robert to Allen. On March 13, 2006, Tabitha filed objections to the Magistrate's Findings of Fact and Conclusions of Law. On April 11, 2006, the trial court overruled Tabitha's objections.
 {¶ 7} On May 10, 2006, Tabitha filed a notice of appeal alleging the following assignments of error:
 Assignment of Error I THE MAGISTRATE IN THE TRIAL COURT ERRED IN FINDING THAT THEREWAS NO CHANGE OF CIRCUMSTANCES WHEN THE PLAINTIFF/APPELLEE HADBEEN ABSENT FROM HIS SON'S LIFE FOR OVER A YEAR AND HAD MOVED ONSEVERAL OCCASIONS DURING THIS TIME.
 Assignment of Error II THE COURT ERRED IN FAILING TO ALLOW THE DEFENDANT/APPELLANT TOINTRODUCE TESTIMONY THAT THE PLAINTIFF/APPELLEE HAD MISLED THECOURT IN THE ORIGINAL TRIAL CONCERNING HIS IMMINENT DEPLOYMENT TOIRAQ.
 {¶ 8} In Tabitha's first assignment of error, she alleges that the magistrate erred in finding that there was no change of circumstances when Allen had been absent from Robert's life for over a year and had moved on several occasions during this time. Specifically, she indicates that Allen had not seen his son from January of 2005, just prior to his deployment to Iraq, until February of 2006, following the trial court's judgment on the Motion to reallocate parental rights and responsibilities.
 {¶ 9} It is well established that a trial court's determination of whether a change of circumstances has occurred falls within the discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418. Specifically, "[a] trial court's decision regarding the allocation of parental rights and responsibilities that is supported by substantial competent and credible evidence will not be reversed on appeal absent an abuse of discretion. * * * In determining the allocation of parental rights and responsibilities, the trial court is granted broad discretion." (Citations omitted.) Wygantv. Wygant, 3rd Dist. No. 16-05-16, 2006-Ohio-1660, at ¶ 6. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 10} R.C. 3109.04(E)(1)(a) governs the modification of an existing custody arrangement. Specifically, R.C. 3109.04(E)(1)(a) provides,
The court shall not modify a prior decree allocating parentalrights and responsibilities for the care of children unless itfinds, based on facts that have arisen since the prior decree orthat were unknown to the court at the time of the prior decree,that a change has occurred in the circumstances of the child, thechild's residential parent, or either of the parents subject to ashared parenting decree, and that the modification is necessaryto serve the best interest of the child. * * *
 {¶ 11} A change in circumstances "must be a change of substance, not a slight or inconsequential change." Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159. The legislature's intent in requiring a showing of changed circumstances was to "spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment." Wyss v.Wyss (1982), 3 Ohio App.3d 412, 416, 445 N.E.2d 1153.
 {¶ 12} In the case at hand, Tabitha contends that the facts indicate a change of circumstances because Allen had been absent from Robert's life for over a year due to his deployment to Iraq and he had moved on several occasions during that time. The trial court disagreed and stated:
When these parties were last before the Court in November2004, Plaintiff was in the Army, stationed at Ft. Riley, Kansas,living in an apartment in Manhattan, Kansas and engaged to bemarried. At the time of this hearing, Plaintiff is still in theArmy stationed in Ft. Riley, Kansas, living in the same apartmentin Manhattan, Kansas and still engaged to be married. As asoldier, Plaintiff is subject to be reassigned; he was, to Iraqfrom January 27, 2005 through December 27, 2005. The UnitedStates Army requires a Family Care Plan and Plaintiff's FamilyCare Plan provided that Plaintiff's father would take care ofRobert if Plaintiff were deployed. Robert has been with Defendantsince May, 2005 to the present time; May to August beingDefendant's summer visitation as set forth under the JudgmentEntry filed with this Court on November 30, 2004. At the end ofAugust, 2005, rather than returning Robert to the care ofPlaintiff's father, Defendant unilaterally determined that it wasin Robert's best interests that she be the residential parent andlegal custodian of Robert. Plaintiff's father did have healthproblems, while Robert was in his care; however, there was noevidence which indicated that under the Plaintiff's Family CarePlan Robert would be without someone to take care of him whilePlaintiff was deployed.
* * *
Defendant states that Robert is doing well while in her care;that she has remarried and turned her life around. As a result,she feels that it would be in Robert's best interests for her tobe the residential parent and legal custodian of Robert. However,it is up to Defendant to prove that Plaintiff's former deploymentto Iraq has had an impact upon the health or upon the developmentof the child; not simply a possible impact but an impact thatsignificantly endangers such health or development and the impactmust exist in the child's present environment. Leonard v.Yenser (Ohio App. 3 Dist., Union Co. No. 10-03-01). The onlyevidence that Defendant provided was that Plaintiff was deployedto Iraq and he could be deployed again. However, a merepossibility of something happening in the future will notordinarily suffice to support modification of a child custodydecree. Waggoner v. Waggoner, 111 Ohio App.3d 1. The onlyreason that Robert is in the physical custody of Defendant atthis time is because she refused to return him to the caregiverprovided under Plaintiff's Family Care Plan or Plaintiff, when hereturned to the United States after his deployment to Iraq. WhileDefendant may feel that she can provide a better environment forRobert, this does not constitute a change in circumstances.Wyss v. Wyss, supra.
 {¶ 13} Upon a review of the record, we find the trial court had before it substantial competent and credible evidence by which it found that there was not a compelling reason establishing a change of circumstances to modify the existing custody arrangement. Accordingly, Tabitha's first assignment of error is overruled.
 {¶ 14} Tabitha asserts in her second assignment of error that the trial court erred in failing to allow her to introduce testimony from the original trial court hearing to establish that Allen had misled the court regarding his imminent deployment to Iraq.
 {¶ 15} As stated above, R.C. 3109.04(E)(1)(a) provides that the court shall not modify a prior decree allocating parental rights and responsibilities unless it finds "based on facts thathave arisen since the prior decree or that were unknown to thecourt at the time of the prior decree," that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, as well as a finding that the modification is necessary to serve the best interest of the child. (Emphasis added.)
 {¶ 16} Generally, the admission or exclusion of evidence lies within the sound discretion of the trial court and its decision will not be reversed on appeal absent a clear abuse of discretion that materially prejudices the objecting party. See State v.Sage (1987), 31 Ohio St.3d 173. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore, supra. The trial court may consider facts that were available at the time of the prior decree; however, it is not required to. Schmidt v. Schmidt (1982),7 Ohio App.3d 175, 177, 454 N.E.2d 970.
 {¶ 17} In this case, the magistrate clearly indicated her awareness of the deployment issue regarding Allen during the February 17, 2006 hearing by stating, "Well but wasn't everybody aware that he was in the military service," with which Tabitha's counsel responded affirmatively. The magistrate then noted that the issue was brought up at the original divorce trial and the subsequent post decree motion's hearing; therefore, the court is only concerned with what has happened since the divorce and cited R.C. 3109.04(E)(1)(a) as authority. Tabitha's counsel continued to argue that she should be permitted to prove that at the original trial Allen was less than candid about his imminent deployment to Iraq. The magistrate responded, "Well, let's — let's assume that's right. How is that going to affect your proving a change in circumstances?" Tabitha's counsel responded that such proof would affect the credibility of Allen and it "may have affected the court's previous decision." The magistrate responded that Tabitha should have appealed the question and the subsequent affirmation of the trial court's decision on appeal,Broadbent v. Broadbent, 3rd Dist. No. 14-04-52, 2005-Ohio-3227, settled the question. Consequently, the magistrate determined that the only information it was concerned with was whether there had been a change in circumstances since the filing of the divorce decree on November 30, 2004.
 {¶ 18} Therefore, upon a review of the record, we find that the trial court did not err in failing to allow Tabitha to introduce testimony that Allen had misled the court in the original trial concerning his imminent deployment to Iraq. The trial court had sound discretion to admit or exclude evidence regarding facts that had arisen prior to the divorce decree and that were known to the court at the time of the divorce decree. Accordingly, Tabitha's second assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the February 27, 2006 Judgment Entry of the Court of Common Pleas, Union County, Ohio is affirmed.
Judgment affirmed.
 Bryant, P.J., and Rogers, J., concur.